# STATE OF NORTH DAKOTA v. JOSEPH WINBAUER.

### (129 N. W. 97.)

**Criminal Law — Indictment and Information — Preliminary Examination — Necessity.**

1. A preliminary examination before a committing magistrate, or a waiver

21 N. D.—11.

thereof, is necessary before the filing of an information in the district court: on the charge of committing an offense against the criminal laws of the state, unless such offense is charged to have been committed during the continuance of a term of such court, barring the exceptional cases enumerated in § 9791, Rev. Codes 1905.

**Criminal Law — Indictment and Information — Motion to Set Aside.**

2. On the arraignment of a person charged by information only with having committed a criminal offense when a term of the district court was not in continuance, and not included in the exceptions referred to, the proper procedure is by motion to set aside the information.

**Criminal Law — Indictment and Information — Preliminary Examination. — Failure to Grant.**

3. January 12, 1910, the defendant waived a preliminary examination before a magistrate on a complaint charging him with keeping and maintaining a common nuisance in violation of the prohibition law, at divers and sundry times since the 1st day of July, 1909, in certain described premises, and was held to the district court on such charge. May 5, 1910, an information was filed in district court during a term which commenced May 3, 1910, charging the same person with keeping and maintaining a common nuisance in the same premises described in the complaint, on the 1st day of July, 1909, and from thence continually to and including the 2d day of May, 1910. *Held:* that the complaint, and the information charged two distinct offenses, and that the 2d day of May, 1910, not having been during the continuance of a term of the district court, the information should have been set aside on motion made, on the ground that the defendant had neither had nor waived a preliminary examination as to the offense charged in the information.

Opinion filed December 21, 1910.

Appeal from District Court, Morton county; *Crawford,* J.

Joseph Winbauer was convicted of maintaining a common nuisance in violation of the prohibition law, and he appeals.

Reversed and remanded.

*Shaw & Nuchols,* for appellant.

*J. M. Hanley,* State's Attorney, *Andrew Miller,* Attorney General, and *Alfred Zuger,* Assistant Attorney General, for respondent.

SPALDING, J.    This is an appeal from a judgment of conviction of the defendant at the May, 1910, term of the district court of Morton county, of the offense of keeping and maintaining a public nuisance, contrary to the provisions of the so-called prohibitory law.

Neither the evidence nor the instructions of the court are before us. The motion to set aside the information disposes of the appeal. The motion was based upon the ground that the defendant had not had any preliminary examination before a magistrate as to any public offense charged in the information as having been committed since and subsequent to the 11th day of January, 1910, and had not waived such examination, and had never been held to answer before the district court for any offense alleged to have been committed by him since the 11th day of January, 1910. The motion was denied and proper exception taken. A verdict of guilty was returned on the 7th day of May, 1910, and on the 14th day of May the defendant was sentenced.

The history of the prosecution, as far as necessary to be here noted, is as follows: On the 12th day of January, 1910, the defendant was held to answer the charge of keeping and maintaining a common nuisance in certain premises in the city of Mandan, Morton county, North Dakota; the premises being duly described. The complaint on which he was so held charged the commission of the offense at divers and sundry times since the 1st day of July, 1909. On the 5th day of May, 1910, being a day of a regular term of the district court of Morton county, the state's attorney filed an information charging the defendant with maintaining a common nuisance, in the same premises described in the complaint, on the 1st day of July, 1909, and from thence continually to and including the 2d day of May, 1910, without any preliminary examination having been had as to the period between January 12, 1910, and May 2, 1910, inclusive. May 2d was not a day during the continuance of a term of the district court in Morton county; the court convened in regular term on the 3d day of May, 1910.

No constitutional provision is found in this state requiring a preliminary examination before filing an information in criminal proceedings, but § 9791, Rev. Codes 1905, provides as follows: "During each term of the district court held in and for any county or judicial subdivision in this state at which a grand jury has not been summoned and impaneled, the state's attorney of the county or judicial subdivision, or other person appointed by the court as provided by law to prosecute a criminal action, shall file an information, or informations, as the circumstances may require, respectively, against all persons accused of having committed a crime or public offense within such county or ju-

dicial subdivision, or triable therein. (1) When such person or persons have had a preliminary examination before a magistrate for such crime or public offense, and, from the evidence taken thereat, the magistrate has ordered that said person or persons be held to answer to the offense charged or some other crime or public offense disclosed by the evidence. (2) When the crime or public offense is committed during the continuance of the term of the district court in and for the county or judicial subdivision in which the offense is committed or triable." The remainder of the section is not applicable to the case at bar.

Prior to 1895, a preliminary examination was necessary in all cases. Hence former decisions of this court, based upon the right of a party to a preliminary examination before the filing of an information in the district court, are not in point. The appellant contends that the state, by filing the complaint before the committing magistrate, elected to consider and act upon the maintenance of the nuisance prior to January 12, 1910, as a completed offense, and that including in the information filed the 5th of May, 1910, additional time from January 11th to May 2d, is a material variance; that in effect the information, by the act of the state, is made to charge two separate offenses, for one only of which defendant has been held by the magistrate, and that the offense committed between January and May must be treated as constituting a separate and distinct offense for which the appellant cannot be placed on trial in the district court upon information, without first having been held by a magistrate; no portion of this period having been during the continuance of a term of the district court. On the other hand, the state contends that it is merely a variance in point of time, and is not material, and therefore not fatal on a motion to set aside the information; that such a variance, to be fatal, must go to the extent that another and different crime is charged in the information than that for which the accused had or waived his preliminary examination. If two offenses are charged, the face of the information does not disclose that fact; hence it is not demurrable. In the commission of a continuous nuisance, the time during which it continues is a material element of the offense. A conviction may be sustained for maintaining it upon one day, or on any or all the days, included in the period of time covered by the information; but when the state has elected to stand upon the charge that the offense has continued to and terminated

upon a certain day, then an information including not only the period of time anterior to the preliminary examination, but several months subsequent thereto, is open to the objection of materially varying from the original complaint, and the offense charged in the information becomes and is a different. offense from that charged in the complaint. In the complaint, the offense charged is keeping a nuisance at divers and sundry times since the 1st day of July, 1909 (prior to January 12, 1910), while in the information the defendant is charged with keeping a nuisance continually between the 1st day of July, 1909, and the 2d day of May, 1910. Time is an essential element in the description of the offense, and the difference in the time covered made them charge two distinct offenses. In the case at bar, the appellant had no preliminary examination for the offense set out in the information. See People v. Christian, 101 Cal. 471, 35 Pac. 1043, where it is held that an information charging an assault with a deadly weapon upon George Massino must be set aside upon motion, when the defendant was held by the committing magistrate upon a charge of assault with a deadly weapon upon one George Magin, as they are different offenses, and one is not included in the other. The information on its face does not disclose that two offenses are charged. In truth, the prosecution only attempted to charge one offense in that instrument, but, had no preliminary examination been held, the information would, without a question, have been set aside upon motion, and we do not understand how the fact that a preliminary examination was held for a material fraction of the time covered in the information, that fraction of time being long prior to the filing of the information, and the remaining portion not having been during the continuance of a term of the district court in that county, can help the case for the prosecution. On the face of the information, evidence was admissible of the commission of the offense at any time between the 1st day of July, 1909, and the 2d day of May, 1910, on authority of State v. Dellaire, 4 N. D. 312, 60 N. W. 988, and the whole proof might have gone to the commission of the offense subsequent to the preliminary examination and prior to the 3d day of May, 1910. The information, on its face, notified the defendant that he must prepare for trial upon the offense charged as having been committed on every day between July 1, 1909, and May 3, 1910, and when it is conceded that he could only be tried for that

portion of the period covered by the information which had elapsed prior to the 12th of January, 1909, then it is obvious that he would be likely to be misled and perplexed in preparing his defense. In State v. Rozum, 8 N. D. 548, 80 N. W. 477, this court used this language: "It is clear from these provisions that, in filing an information, the state's attorney is not limited strictly to the offense named in the complaint. How far he may depart therefrom, we are not called upon to decide. To this extent we are clear. The state's attorney may file an information for any offense covered by the allegations in the complaint or growing out of the transaction therein set forth, or necessarily connected therewith, and of which the accused must know himself to be guilty if guilty of the matter charged in the complaint."

The offense in the case at bar was by name covered in the allegations of the complaint, but not as to the extent of its duration. It grew out of the transaction set forth in the complaint, in the sense that it was a continuing transaction or offense, but not so when the state has elected to proceed on the theory that the offense regarding which the complaint was filed terminated on the 11th day of January, 1910. An information could have been filed as to the offense previous to the date of the commitment, and if the defendant continued the nuisance after such date, he was guilty of the commission of a separate and independent offense of the same name and nature, but differing in the time during which it was committed. It does not grow out of the same transaction, in the sense that it was a necessary result thereof, or proceeded or took place as a consequence of the original offense, and it was not necessarily connected therewith, in the sense meant by this court in the case cited, and the knowledge of defendant that he was guilty of the offense, if he had such knowledge, during the time stated in the complaint, does not imply that he was guilty of a like offense subsequent to the preliminary examination. The next sentence of the opinion in the Rozum Case, succeeding the one which we have quoted, is in point: "The additional allegation covered no further criminal act nor criminal purpose on the part of the accused." This is one of the reasons on which the decision in that case rests, but in the case at bar the commission of the act, if committed by the accused, between the preliminary examination and the 3d day of May, was a further criminal act and evidenced a further criminal purpose on the part of the accused.

The submission of the motion to set aside the information on the grounds stated was the proper procedure under § 9891, Rev. Codes 1905, which requires the information to be set aside by the court upon motion, among other grounds, when the defendant is entitled to a preliminary examination before a magistrate before the filing of such information, when he has not had such examination, and been held to answer before the district court, or has not waived such examination in writing, or orally, before a magistrate.

A demurrer was also interposed to the information and various other motions submitted, but as the decision of the motion to set aside the information disposes of the appeal, it is unnecessary to pass upon the other errors assigned.

The state insists that the accused was not prejudiced by the action of the trial court in denying its motion to set aside the information, for the reason, as it contends, that the court could protect the appellant by excluding evidence, if offered, of the commission of the offense charged at any time subsequent to the preliminary examination; but it is obvious that this would furnish no adequate reason for a construction of the statute regarding setting aside informations which it could not be made to bear without doing violence to the language used, and we think he was prejudiced thereby.

Reversed, and the case remanded for further proceedings in accordance with law. All concur.