# THE STATE OF NORTH DAKOTA v. OSER W. WEBB.

### (162 N. W. 358.)

**Common nuisance — keeping and maintaining — ingredient — material — prohibition law.**

    1. Time is not a material ingredient of the crime of keeping and maintaining a common nuisance contrary to the provisions of the Prohibition Law of this state.

**Common nuisance — keeping and maintaining — offense of — person charged with — dates of crime — proof of — not restricted to — preliminary examination — date prior to — proof of — may offer.**

    2. Upon preliminary examination of a person charged with the offense of keeping and maintaining a common nuisance, the prosecution is not restricted in its proof to the date alleged in the criminal complaint, but may introduce evidence tending to show the commission of the offense charged at any time prior to the date of such preliminary examination and within the period of limitations.

**Criminal complaint — justice of the peace — offense — charging clause — preliminary examination — covered by.**

    3. Where a criminal complaint, filed before a justice of the peace on November 30, 1915, charged that the defendant, on November 6, 1915, committed the crime of keeping and maintaining a certain common nuisance contrary to the

provisions of the state prohibitory law, and the defendant is bound over to the district court upon a preliminary examination held on December 3, 1915, a criminal information subsequently filed in the district court charging that such offense was committed between July 1, 1914, and December 3, 1915, does not charge an offense different from, or in addition to, that for which a preliminary examination was had.

**Second offense — information on — former conviction — brief allegation of — sufficient.**

4. In an information for keeping and maintaining a common nuisance as a second offense, contrary to the provisions of the Prohibition Law, the former conviction need not be set forth at length, but a brief allegation of such conviction is sufficient.

Opinion filed March 23, 1917.

Appeal from the District Court of Ward County, *Leighton,* J. Defendant was convicted of keeping and maintaining a common nuisance, as a second offense, and appeals.

Affirmed.

*Greenleaf, Wooledge, & Lask,* for appellant.

An information charging the defendant with the crime or keeping and maintaining a common nuisance, under the Prohibition Law, which in its charging clause goes entirely outside the record as to dates, as disclosed by the preliminary examination, and alleges like offenses to have been committed by defendant between different dates than those mentioned in the complaint, and covered by the preliminary examination, is bad and should not be sustained, and a conviction thereon should be set aside. Comp. Laws 1913, §§ 10,505, 10,628.

"It is not competent to charge in an information an offense for which no preliminary examination has been had or waived; and to determine whether such an examination was had as to any specific offense charged in the information, recourse can be had only to the examinations returned and filed by the magistrate." Turner v. People, 33 Mich. 371; State ex rel. Peterson v. Barnes, 3 N. D. 134, 54 N. W. 541; Yaner v. People, 34 Mich. 286; State v. Winbauer, 21 N. D. 161, 129 N. W. 97; People v. Christian, 101 Cal. 471, 35 Pac. 1043.

The complaint fixes definitely the date and time of the commission of the alleged offense. The testimony on preliminary examination was confined to this.

But the information, based upon the complaint and such examination, when filed in district court, relates to entirely different dates and times, and charges other offenses than the one upon which defendant was bound over. According to the state's theory the whole proof might have been directed to the commission of an offense subsequent to the examination. State v. Dellaire, 4 N. D. 312, 60 N. W. 988; Latimer v. State, 55 Neb. 609, 70 Am. St. Rep. 405, 76 N. W. 207.

The complaint filed with the magistrate and the information filed in district court allege two different and distinct offenses, or more, with the possibility that some one or more or them might have been committed at a date or dates subsequent to the examination. State v. Winbauer, 21 N. D. 161, 129 N. W. 97.

There is nothing in the record here to show that defendant committed such offense, or a like offense, during any term of district court.

The defendant was entitled to a preliminary examination on the offense with which he is charged, and not only this, but he has the right to every safeguard known to the law. Comp. Laws 1913, § 10,595; State ex rel. Peterson v. Barnes, 3 N. D. 134, 54 N. W. 541.

*O. B. Herigstad,* State's Attorney, *Dorr Carroll,* Assistant State's Attorney, *William Langer,* Attorney General (present), and *D. V. Brennan,* Assistant Attorney General, for respondent.

(*Henry J. Linde,* Attorney General (former), filed a brief for respondent.)

On the charge of keeping and maintaining a common nuisance where the complaint charges certain dates on which such offense was committed, proof of the continuing of such nuisance up to any time prior to preliminary examination may be offered by the state. State v. Winbauer, 21 N. D. 161, 129 N. W. 97.

CHRISTIANSON, J. The defendant was convicted in the district court of Ward county of the crime of keeping and maintaining a common nuisance, as a second offense, contrary to the provisions of the so-called Prohibition Law. This appeal is taken from the judgment of conviction.

The material facts are as follows: On November 30th, 1915, a criminal complaint was filed before a justice of the peace in Ward county,

charging "that Oser W. Webb did on the 6th day of November, A. D. 1915, at the town of Minot, in said county and state, commit the crime of keeping and maintaining a common nuisance as a second offense, committed as follows, to wit: That at the said time and place the said Oser W. Webb did wilfully, unlawfully, and feloniously keep and maintain a place in the city of Minot, Ward county, North Dakota, in which said place he sold intoxicating liquors unto John Mohagen and divers other persons, and in which said place he permitted people to resort for the purpose of drinking intoxicating liquors as a beverage, and in which said place intoxicating liquors were kept by him for barter, sale, and delivery in violation of law, and that theretofore and on February 8, 1908, the said Oser W. Webb, was arraigned for the crime of keeping and maintaining a common nuisance in the county of Williams, North Dakota, and upon conviction thereof, was, on the 29th day of February, 1908, sentenced therefor and rendered himself in execution of the said sentence, which sentence was not vacated, set aside, or reversed, . . . this contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of North Dakota."

The defendant was given a preliminary examination before the justice of the peace on December 3d, 1915, and bound over to the district court. On the same day, to wit, December 3d, 1915, the state's attorney filed an information in the district court of Ward county, charging that "on or about the 6th day of November, 1915, at and within the county of Ward, in the state of North Dakota, one Oser W. Webb, late of the county of Ward, and state aforesaid, did commit the crime of keeping and maintaining a common nuisance, as a second offense, committed as follows, to wit: That at said time and place and on divers days and times between the 1st day of July, 1914, and the 2d day of December, 1915, the said Oser W. Webb did wilfully, unlawfully, and feloniously keep and maintain a certain place situated in the county of Ward, state of North Dakota, in which intoxicating liquors were then and there sold, bartered, and given away as a beverage to John Mohagen, and divers other parties to said state's attorney unknown, in violation of law, and in which said place said John Mohagen, and divers other persons to said state's attorney unknown, were then and

there permitted to resort, and where they did then and there resort for the purpose of drinking intoxicating liquors as a beverage, and in which said place intoxicating liquors were then and there kept for sale, barter, and gift as a beverage, in violation of law; and that theretofore, and on or about the 8th day of February, 1908, the said defendant was arraigned in the district court of Williams county, North Dakota, charged with the crime of keeping and maintaining a common nuisance in the county of Williams in the state of North Dakota; that the said action was brought on for trial and a verdict of guilty returned by the jury on or about the 28th day of February, 1908, and the said defendant was sentenced by the court on or about the 29th day of February, 1908, and rendered himself in execution of the said sentence and that the said sentence has not been modified, vacated, or set aside.

This contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of North Dakota."

Thereafter, on December 4, 1915, on being arraigned, the defendant filed a motion to set aside the information upon the ground that he had never had or waived a preliminary examination; that the complaint filed before the justice of the peace charged the defendant with the commission of the crime of keeping and maintaining a common nuisance on November 6, 1915, and that evidence was introduced upon such preliminary examination of an offense committed between the 26th day of September, 1915, and the 6th day of November, 1915; and that the information filed herein charges the commission of the offense as having taken place between July 1st, 1914, and the 2d day of December, 1915, and that there is approximately a year charged in the information that was not charged in the complaint, and that for all the time not charged in the complaint the defendant has not had a preliminary hearing.

The defendant also moved for a new trial and in arrest of judgment upon the same grounds.

The only errors assigned or argued on this appeal are predicated upon the court's rulings in denying these several motions. Defendant stands squarely and solely on the proposition that the criminal information included a greater period of time than that included in the criminal

complaint, and that as to such additional time he has neither had, nor waived, a preliminary examination.

In his brief, defendant says: "The only contention of appellant is that he has had no preliminary examination before a magistrate as to any public offense charged in the information having been committed since and subsequent to the 6th day of November, 1915."

We are unable to agree with appellant's contention. Time is not a material ingredient of the offense of keeping and maintaining a common nuisance, and need not be proved strictly as laid. See Comp. Laws 1913, § 10,690. See also Black, Intoxicating Liquors, §§ 459, 460, 512: Joyce, Intoxicating Liquors, §§ 658, 677. And it is sufficient to show that the illegal acts charged were done at any, time before the filing of the information, and within the period prescribed by the Statute of Limitations. Black, Intoxicating Liquors, § 677.

The prosecution, therefore, was not restricted in its proof to the date alleged in the criminal complaint, but upon the preliminary examination it might introduce evidence tending to show the commission of the offense charged at any time prior thereto, and within the period of limitations. Nor was the state restricted by reason of the evidence introduced at the preliminary examination. The state is not required to introduce all of its evidence upon the preliminary examination, nor is it required to inroduce upon the trial the same, or any of the evidence adduced upon the preliminary examination.

The defendant cites and relies upon the decision of this court in State v. Winbauer, 21 N. D. 161, 129 N. W. 97. The opinion in that case does not, however, support defendant's contention. In that case a preliminary examination was held on January 12, 1910. A criminal information filed on May 5, 1910, charged the defendant with maintaining a common nuisance up to and including May 2, 1910, "without any preliminary examination having been had as to the period between January 12, 1910, and May 2, 1910, inclusive." Consequently, there was a period of time charged in the information from January 12, 1910, to May 2, 1910, inclusive, subsequent to the time when the preliminary examination was had. And this court held that for the period of time so charged no preliminary examination had been had. In the case at bar, the preliminary examination was held on December 3, 1915, and the information charged the offense as having been com-

mitted between July 1st, 1914, and December 2, 1915. The entire period charged was, therefore, prior to the date on which the preliminary examination was held, and within the period of limitation. The crime of keeping and maintaining a common nuisance is a continuing offense. And in our opinion inquiry upon a preliminary examination of a person accused of such crime may properly extend to the date on which such examination is had. When the preliminary examination was held on December 3d, 1915, the state was not restricted in its proof to the date alleged in the information, but it might offer evidence tending to show the commission of the offense at any time prior thereto, within the Statute of Limitations. The defendant was, therefore, afforded a preliminary examination for the entire period charged in the information.

Defendant's contention is untenable for another reason. A preliminary examination is not required for a public offense "committed during the continuance of the term of the district court in and for the county or judicial subdivision in which the offense is committed or triable." Comp. Laws 1913, § 10,628. Under the statute (Comp. Laws 1913, § 754) a term of the district court was appointed to be held in Ward county commencing on the second Monday in November; viz., November 8, 1915. The original information herein, filed on December 3, 1915, shows that it was filed by order of the court during a term of said court; and the clerk's minutes of the trial, certified to this court as part of the record on this appeal, show that the proceedings had on December 4th, 1915, when defendant was arraigned and moved to set aside the information, were had at and during an adjourned session of the regular November, 1915, term of said court. The criminal complaint herein was filed on November 30, 1915. The complaint was therefore filed during the continuance of the regular November, 1915, term of the district court. In fact, the entire period from November 8, 1915, to the date of the filing of the information, was during the continuance of such term. The evidence in the case is not before us. There is, however, a stipulation in the record to the effect "that at the trial of the above case wherein said defendant was convicted, no testimony was introduced tending to show the sale of liquors of any kind or character during the session of the district court of Ward county, North Dakota, at which information was filed against defendant, and during which

36 N. D.—16.

said term said defendant was tried." This disposes of the only question in any manner raised or argued by appellant on this appeal.

It is contended, however, by a dissenting member of this court (Mr. Justice Robinson), that the information herein is fatally defective and fails to state facts sufficient to constitute a public offense, for two reasons:

1. That it appears therefrom that the former conviction was had on February 28th, 1908, and that consequently the first offense must have been committed more than seven years prior to the filing of the information.

2. That the information does not charge that defendant committed the first offense, or that the former conviction was for a violation of the Prohibition Law.

It is only fair to appellant's counsel to state that these questions were not raised or argued by them, but are raised for the first time in this court by Mr. Justice Robinson.

The objection that the facts stated in the complaint do not constitute a crime is not waived by a failure to demur and may be raised under a plea of not guilty, and in arrest of judgment. Comp. Laws 1913, § 10,745. And the better rule seems to be that this objection may be raised at any stage of the proceedings and asserted even for the first time on appeal. 12 Cyc. 811, 812. This is true, however, only where the defects are not amendable and the information on its face negatives, rather than affirms, the commission of an offense. It does not apply to a mere formal defect which may be cured by amendment. Such defect must be taken advantage of at the trial, and cannot be urged for the first time on appeal. 12 Cyc. 811.

We are agreed that the objections raised by Mr. Justice Robinson are untenable. But in view of the fact that he deems them of sufficient importance not only to raise them, but to discuss them in a dissenting opinion, we deem it desirable to refer to them at greater length.

A sufficient answer to the first point raised by Mr. Justice Robinson is that the statute does not provide that the first offense must be committed, or the former conviction had, within any specific period prior to the filing of the information for the second offense. The former conviction is not a part or ingredient of the offense charged, but is a

matter which pertains only to matters as to additional punishment. State v. Bloomdale, 21 N. D. 77, 79, 128 N. W. 682.

The courts have uniformly held that the fact that the accused was pardoned does not exempt him from the increased punishment on a subsequent conviction. 12 Cyc. 950. Nor does the fact that the prior conviction was erroneous on account of departure from the established rules of procedure prevent the operation of the statute as to a subsequent conviction, unless the former conviction was set aside, or the court in which the prior conviction was obtained had no jurisdiction. Ibid.

Under our statute no time is prescribed as to the former conviction. The only requirement is that the second offense must have been committed after the conviction as well as after the commission of the first offense. Ibid.

To hold that the prior conviction must have been had within a certain period of time prior to the commission of the second offense or the commencement of a criminal prosecution therefor, would constitute judicial legislation of the most extraordinary kind, and engraft upon the laws of this state by judicial fiat a provision never intended to be placed there by the lawmaking body.

The second point raised seems to be fully answered by positive legislative enactments, as well as by prior decisions of this court.

A criminal information in this state is sufficient if it contains:

1. "The title of the action, specifying the name of the court to which the information or the indictment is presented, and the names of the parties.

2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Comp. Laws 1913, § 10,685.

And "no information . . . is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Comp. Laws 1913, § 10,694. And it is the duty of this court, after hearing an appeal in a criminal case, to "give judgment without regard to technical errors or defects" which do not affect the substantial rights of the parties. Comp. Laws 1913, § 11,013.

The rule requiring a former conviction to be pleaded at length is abrogated in prosecutions for violations of the Prohibition Law by our statute (Comp. Laws 1913, § 10,128), which provides that "in any prosecutions for the second or subsequent offense, it shall not be requisite to set forth in the information or affidavit or indictment the record of the former conviction, but it shall be sufficient briefly to allege such conviction." This language directly negatives the theory advanced, that the facts with respect to the first offense must be alleged in an information charging the commission of the second offense. All that is required is to allege the former conviction.

In considering the sufficiency of the allegation of a former conviction for a similar offense in State v. Bloomdale, supra, this court, speaking through Chief Justice Morgan, said: "The allegation set forth above is specific as to the date, court, and county that the defendant was tried and sentenced in under the former conviction. There are many authorities holding this to be sufficient. In other words, it is held that if the information specifically points out where a record of the former conviction may be found, that it is sufficient. So far as these matters are concerned, the allegations of the information do not leave the defendant in doubt or uncertainty. In this state it has been held that allegations in an information in regard to former convictions of the same or similar offenses need not describe the facts in regard to the former conviction with the same particularity as is necessary in a description of matters pertaining to the elements of the crime. It is held that, if the information briefly describes such former conviction, it is sufficient  In other words, it has been held that the matter of a former conviction is not any part or ingredient of the offense charged, but that it is a matter which pertains only to matters as to additional punishment. State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Markuson, 7 N. D. 155, 73 N. W. 82.

"There is another reason, however, for holding that the information in this case alleges a former conviction of the offense charged in the information. It contains other words which we think may be referred to in determining the character of the offense of which the defendant was formerly convicted. The words, 'second offense,' which follow the allegations in the information stating that the defendant did commit the crime of keeping and maintaining a common nuisance, clearly show

what the former offense was, although in the most brief language. It is a direct statement that the defendant was charged with keeping and maintaining a common nuisance in the former conviction. These words, together with the allegations setting forth the time and place of the former conviction, are sufficient to apprise the defendant of the offense that he was formerly charged with. . . . The objection to the sufficiency of the information on this ground is not, therefore, tenable for two reasons. The time and place of the conviction were stated. This enabled the defendant to ascertain the crime which the state claimed that he was formerly convicted of. Further, the former conviction was charged in language that apprised the defendant that the former conviction was for the offense of keeping and maintaining a common nuisance by keeping and selling intoxicating liquors."

The above-quoted language is directly applicable to the instant case. And when all the allegations of the information are construed together, defendant could not have been misled as to the nature of the offense which the information charged he had been formerly convicted of. In fact, defendant has never made such claim. On the contrary, upon the trial he admitted the former conviction as alleged, and thereby eliminated such question from the jury's consideration. The only question submitted to the jury, therefore, was whether defendant had kept and maintained the second common nuisance charged in the information. No one questions the sufficiency of the charge contained in the information as to the second offense, or the sufficiency of the evidence to sustain the verdict of the jury. The prior conviction was not a material ingredient of the offense with which defendant was charged and which the jury said he had committed. The former conviction was only a matter which the legislature has said shall determine the degree of punishment. The defendant and his counsel apparently had no difficulty in understanding the language contained in the information, or the nature of the offense which the information charged he had been formerly convicted of. There is no claim that the defendant was surprised by the introduction of evidence, or that the evidence failed to establish his guilt. By his conduct the defendant has shown in the most emphatic manner that the information did inform him of the illegal acts with the commission of which he was charged.

A criminal trial is not a game of wits between opposing counsel,

to be played according to certain technical rules, with the judges acting as umpires. It is a solemn judicial proceeding to ascertain the guilt or innocence of a person accused of crime. Rules of criminal procedure were not formulated to enable criminals to escape punishment. They were formulated to aid the courts in properly dispensing justice in criminal causes. They are intended on the one hand to safeguard the rights of the accused to the end that no innocent person may be convicted of crime, and they are intended on the other hand to enable the state to bring those guilty of crime to the bar of justice. A person accused of crime is entitled to a fair trial in accordance with the principles enunciated in the Constitution and the laws of this state. This right is self-evident. But it is equally self-evident that civilized society as now constituted cannot long exist unless the state can enforce its laws against wrongdoers. The rules of criminal procedure should be construed to effect the purposes for which they were intended, and not to defeat them. The test is not whether certain legal formulas have been literally complied with, but whether anything has been done or left undone which prejudices the substantial rights of the accused. If a substantial right has been prejudiced a new trial should be had. If not, it is equally the duty of an appellate court to affirm a conviction.

In the case at bar it is undisputed that the facts were fully and fairly submitted to a jury, and that the jury found defendant guilty. It is not contended that this finding is erroneous or unjust. We find nothing to indicate that defendant has been deprived of any substantial right. The judgment appealed from must therefore be affirmed. It is so ordered.

ROBINSON, J. (dissenting). This case arises under the common nuisance section of the Prohibition Statute. The appeal is from a judgment that the defendant be imprisoned for two years in the state's prison. The majority opinion sustains the judgment, which I consider manifestly wrong. In writing this dissenting opinion, I do solemnly thank God that my love for right and justice is far above any regard for my office. I am in no way dependent on the office and I have little regard for it, only so far as it presents an opportunity to sustain the right and to denounce the wrong. This I say, because in writing this opinion I am sure to give offense to a large class of zealous and well-

organized people who make and unmake judges. ("Who enters here leaves hope behind.")

In the summer of 1912, when I was a candidate for the office of supreme court judge, the commander or president of these good people presented for my signature a written pledge in regard to my decisions under the Prohibition Statute in case of my election. Of course I did not sign it; and, of course, I was not elected. That and some drastic decisions by this court suggest the thought that some judges may have secured and held onto office by signing such a pledge. The majority decision cites some early decisions which stand as a reflection on this court. In the Markuson Case from Valley City, it was held competent for a district judge on a common nuisance charge to convict a man in a summary manner, without a trial by jury, and to sentence him to a term in the state's prison. It is hard for a lawyer to see how such a decision was made, only as the result of a pull which acted like the force of gravity. It is true the nuisance was named a contempt and by that name it was held competent to evade the Constitution, which guarantees to every person accused of crime the right of trial by jury. Hence, as we pray the Lord to lead us not into temptation, so may we pray that our judges be not led into temptation by any pledge or any influence or by the thought of re-election. Indeed, it were well if the Constitution or custom were so as to remove all such temptations. I am free to allow that our present judges are all like Cæsar's wife, above suspicion, and that they innocently signed the decision without a thought of its political effect. However, it would have looked better if the appeal had been decided when it was argued, early in January, and when we all appeared to agree that the conviction of the defendant was erroneous. Certain it is, there was no judge to say a word to the contrary, and there was no good reason for not deciding the case when it was fresh in the mind of all the judges.

The defendant was convicted of a second common nuisance under the Prohibition Statute. His sentence is two years in the state's prison. The conviction is void because it is based on a complaint or information which is fatally defective. A valid complaint for a second offense must state facts showing the commission of a first offense, because without a first offense there cannot be a second offense, and it must show that each offense was committed within three years, because after the

lapse of three years the law does not permit a prosecution based on any offense, except murder. It is contrary to the policy of the law and the welfare of society to permit the raking up of old scores and stale matters outlawed by statute.

So far as it concerns the first offense, the information is in these words: "That on or about the 8th day of February, 1908, the said defendant was arraigned in the district court of Williams county, North Dakota, charged with the crime of keeping and maintaining a common nuisance in the county of Williams in the state of North Dakota; that the said action was brought on for trial and a verdict of guilty returned by the jury on or about the 28th day of February, 1908, and the said defendant was sentenced by the court on or about the 28th day of February, 1908, and rendered himself in execution of said sentence, and that the said sentence has not been modified, vacated, or set aside." The trial was in Ward county, and the alleged conviction for a first offense was in Williams county, eight years prior to the trial in Ward county, and we have no record of the alleged first conviction. There is no charge or attempt to charge that the defendant did commit a first offense of any description. The charge is merely that in 1908 he was convicted of the crime of maintaining a common nuisance. It does not show that the nuisance or conviction had any relation to the Prohibition Law. For aught that appears from the information, the first common nuisance may have been the obstruction of a highway, for which a person may be prosecuted and punished. Under the Constitution no person can be prosecuted for a public offense, except on an information or indictment, which must state the facts constituting the offense. The allegations of an information or indictment must be direct and certain in regard to the offense charged. Comp. Laws 1913, § 10,686. The objection that the facts do not constitute a public offense may be taken on motion or in arrest of judgment (§ 10,745), and for this reason counsel for defendant made such a motion. In charging the commission of a second offense it is necessary to state the facts showing the commission of a first offense and also to state, in a general way, that the accused was duly convicted of the first offense. Under the statute it is not necessary to set forth the record of the conviction, as it was at common law, and for that reason the judges rush to the conclusion that it is not necessary to state the facts showing a first offense. The con-

viction alone is not sufficient, because it is no uncommon thing for a party to be convicted when he is perfectly innocent. At Salem, Massachusetts, seven women were convicted of witchcraft, and now we know that their conviction and execution was an outrage and a disgrace to the commonwealth. The law is short and pointed. The charge is that eight years prior to the date of the information the defendant was convicted of the keeping of a common nuisance. To say that there is a charge of the commission of two offenses against the Prohibition Law, we must do violence to our common sense and the fundamental rules of pleading.

And there is no reason for giving a drastic construction to a drastic statute to sustain a drastic sentence of a poor human being. The majority opinion concludes by saying the facts were fully and fairly submitted to a jury. That is a gross error, or a mere assumption, and it is not warranted by anything in the record. And, indeed, the conviction is under a drastic statute which does not accord with the limitations of the prohibition section of the Constitution. In that section the word "suitable" is used as a limiting adjective before the word "penalties." The word is used for some purpose. It means that the penalties of the statute must be reasonable, just, and humane, and not drastic, cruel, or vindictive.

BIRDZELL, J. I regret that Mr. Justice Robinson has used language in his dissenting opinion from which it is made to appear that the majority of the court formerly concurred in his views as to the law and that they are responsible for delaying the decision. The facts are that the members of this court never concurred in the views expressed by Mr. Justice Robinson and that they all signed the majority opinion soon after it was written, more than a month ago. The majority opinion was not filed earlier owing to the practice which prevails in this court of giving every member an opportunity to file his views before a case shall be regarded as decided. Mr. Justice Robinson has, very properly, been the recipient of this courtesy in this instance, and though the majority opinion has been in his hands since it was first written, his dissenting views have just been prepared for filing.

I am authorized to say that this statement is made on behalf of all the members of this court, with the obvious exception of Mr. Justice Robinson.