STATE OF NORTH DAKOTA, Respondent, v. FRANK FINLAYSON, Appellant.

(169 N. W. 581.)

**Preliminary examination — waiver thereof — necessary prerequisite to prosecution — by criminal information — defense charged — committed during term of court — same county — exception to rule.**

1. Barring the exceptional cases enumerated in § 10,628, Comp. Laws 1913, a preliminary examination or a waiver thereof is a necessary prerequisite to a prosecution by criminal information, unless the offense charged "is committed during the continuance of the term of the district court in and for the county or the judicial subdivision in which the offense is committed or triable."

**Criminal prosecution — by information — preliminary examination if not waived — prerequisite to — setting aside information — motion for — error.**

2. For reasons stated in the opinion it is *held* that the defendant was entitled to a preliminary examination for the crime charged in the information, and that it was error to deny a motion to set aside the information based upon the ground that a preliminary examination had neither been had nor waived.

Opinion filed November 4, 1918. Rehearing denied November 29, 1918.

From a judgment of the District Court of Kidder County (on change of venue from Burleigh County), *Crawford,* Special Judge, defendant appeals.

Reversed.

*Theodore Koffel,* for appellant.

The defendant was put upon trial on information, without having

had, or waived, a preliminary examination. Defendant moved to set aside the information on such ground, and the court erred in denying such motion. State v. Winbauer, 129 N. W. 97, 21 N. D. 161.

It is not charged or claimed that the crime described in the information was committed during the session of any term of court. Comp. Laws 1913, § 10,628; State v. Rozum, 8 N. D. 550; Latimer v. State (Neb.) 76 N. W. 227; People v. Evans (Mich.) 40 N. W. 473; People v. Nogari, 142 Cal. 596, 76 Pac. 490; State v. Julius, 29 S. D. 638, 137 N. W. 590.

The complaint does not state facts sufficient to constitute a public offense. There is no statement of time, place, or manner of former conviction, nor was the information verified at time of filing. State v. Julius, supra; State v. Heffernan (S. D.) 118 N. W. 1027; State v. O'Neal, 19 N. D. 428, 124 N. W. 62; State v. Markuson (N. D.) 73 N. W. 82.

The denial of defendant's motion to set aside the information was an abuse of discretion on the part of the trial court and requires a reversal. State v. Dahms, 29 N. D. 51, 149 N. W. 965; State v. Hall, 28 N. D. 649, 149 N. W. 970.

No judgment having been entered, there is no legal authority for either committing the defendant or holding him under bonds.

The power of the court to enter judgment ended with the term. Black, Judgm. § 306; Freeman, Judgm. § 96.

*Wm. Langer,* Attorney General, and *F. E. McCurdy,* State's Attorney, for respondent.

The citations of appellant from Black on Judgments relate only to civil actions, and have no bearing upon questions here involved. Black, Judgm. § 306; Freeman, Judgm. § 96.

CHRISTIANSON, J.  The defendant was convicted of the crime of keeping and maintaining a common nuisance, as a second offense contrary to the provisions of the prohibitory laws of this state, and he appeals from the judgment of conviction.

In his first assignment of error he urges that the court erred in denying his motion to set aside the information. The motion to set aside the information was based upon the ground that the defendant

had neither had nor waived a preliminary examination for the offense for which he was convicted or for any offense.

The information was filed by the state's attorney on January 22, 1917. It charged the defendant with keeping and maintaining a common nuisance, at a certain designated place, "on the 22d day of January, in the year of our Lord one thousand nine hundred and fifteen, and continuously from thence to and including the 22d day of January, nineteen hundred and seventeen." It is conceded, and the record shows, that the defendant never had or waived a preliminary examination, and he filed a written motion to set the information aside upon this ground, before demurring or pleading to the information.

Under our statute, "the information . . . must be set aside by the court in which the defendant is arraigned, upon his motion . . . in all cases when the defendant is entitled to a preliminary examination before a magistrate, before the filing of such information, when he has not had such examination and been held to answer before the district court, or has not waived such examination in writing, or orally before a magistrate." Comp. Laws 1913, § 10,728.

The defendant in a criminal action has no constitutional right to a preliminary examination (State v. Hart, 30 N. D. 368, 152 N. W. 672); but our statute, makes such examination (subject to certain enumerated exceptions not applicable to the case at bar), a necessary prerequisite to a prosecution by information, unless such examination is waived or the crime charged "is committed during the continuance of the term of the district court in and for the county or the judicial subdivision in which the offense is committed or triable." Comp. Laws 1913, § 10,628, subd. 4. The information in this case does not charge that the crime was committed, and the prosecution was not restricted in its proof to acts committed during the continuance of a term of the district court; but the prosecution might introduce evidence tending to show that the defendant maintained the common nuisance in question upon one day, or on any or all of the days, included in the period of time properly covered by the information. State v. Webb, 36 N. D. 235, 162 N. W. 358; Scott v. State, 37 N. D. 90, L.R.A.1917F, 1107, 163 N. W. 813. See also State v. Winbauer, 21 N. D. 161, 129 N. W. 97.

The defendant was entitled to a preliminary examination. He did not waive such examination, nor did he waive the right to object because such examination had not been given. He made a seasonable m( on to set aside the information on the ground that he had neither had nor waived such preliminary examination. The defendant was denied a right guaranteed to him by the laws of this state, and this necessitates a reversal of the judgment appealed from. This disposes of the appeal and it becomes unnecessary to pass upon any of the other errors assigned. Reversed and remanded for further proceedings in accordance with law.

## On Petition for Rehearing.

CHRISTIANSON, J. Plaintiff has filed a petition for rehearing, wherein it is contended that "where an offense is of a continuing nature and a part of it within the time court is in session, and the other part extends over, an information for such offense may be filed directly in the district court without a preliminary examination first being had." We have given the question presented our consideration, and find no reason to recede from our former decision. The statutes relating to preliminary examinations make no distinction between a continuing offense and one, the commission of which consists of the performance of an individual act. In either case the accused is entitled to a preliminary examination, unless the case falls within one of the exceptions, or the accused waives such examination. And in a case where a defendant is entitled to a preliminary examination, and does not waive it, he can be prosecuted by information only for the offense upon which he "has had a preliminary examination or for an offense included in such charge." 12 Cyc. 305.

It is, also, contended that no prejudice has been shown for the reason that the trial court might have excluded all evidence relating to any period of time except that embraced within the continuance of a term of court. The same contention was also made, and held to be unsound by this court in State v. Winbauer, 21 N. D. 161, 129 N. W. 97.

The former opinion will stand. A rehearing is denied.