**UNITED STATES of America,**
**Appellee,**

v.

**George Silva SALAS and Pappy Fuentes,**
**Defendants-Appellants.**

**No. 190, Docket 30348.**

United States Court of Appeals
Second Circuit.

Argued Nov. 28, 1967.

Decided Dec. 19, 1967.

Carol Ryan, New York City (Anthony F. Marra, New York City, on the brief), for appellants.

John A. Stichter, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, and Roger J. Hawke, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Appellant Salas was convicted on three counts and appellant Fuentes was convicted on one count of selling narcotics in violation of 26 U.S.C. §§ 4705(a) and 7237(b) after a trial before the Honorable Thomas F. Murphy and a jury. We affirm the judgments of conviction.

Appellants contend that the trial court erred in its charge to the jury in the following respects: (1) In failing to charge that the government had the burden of proving beyond a reasonable doubt that the appellants were not entrapped; (2) in failing to charge that the jury could find Fuentes not guilty by reason of entrapment even though it found Salas guilty on the same count; (3) in commenting in connection with defendants' testimony on their special interest without at the same time charging on the special interest of the informant. Appellant Salas also asserts that, because his first conviction was pardoned, he should not have been sentenced as a second offender.

 (1) The charge on burden of proof was correct and was broad enough to cover the issue of entrapment. No request was made for an instruction on (2) until after the charge to the jury had been completed. There was no abuse of discretion in denying this belated request. See United States v. Kahaner, 317 F.2d 459, 477 (2d Cir.), cert. denied, 375 U.S. 836, 84 S.Ct. 73, 11 L.Ed.2d 65 (1963); United States v. Strassman, 241 F.2d 784, 786–787 (2d Cir. 1957). As to (3) above, no sufficient objection was raised to the charge as given.

 It appears that there is no federal case determining the effect of a pardon of an earlier conviction on the sentence for a subsequent offense.[1]

State cases have held that a prior conviction, though pardoned, is to be counted in determining the sentence under multiple offender laws. See People ex rel. Prisament v. Brophy, 287 N.Y. 132, 38 N.E.2d 468, 139 A.L.R. 667 (1941), cert. denied, 317 U.S. 625, 63 S.Ct. 62, 87 L.Ed. 506 (1942); People v. Dutton, 9 Cal.2d 505, 71 P.2d 218 (1937), appeal dismissed, 302 U.S. 656, 58 S.Ct. 365, 82 L.Ed. 508 (1937); Herndon v. Commonwealth, 105 Ky. 197, 48 S.W. 989 (1899); State ex rel. Stewart v. Blair, 356 Mo. 790, 203 S.W.2d 716 (1947); State v. Webb, 36 N.D. 235, 162 N.W. 358 (1917); Newton v. State, 56 Okl.Cr. 391, 40 P.2d 688 (1935); Commonwealth ex rel. v. Smith, 324 Pa. 73, 187 A. 387 (1936); Jones v. State, 141 Tex.Cr.R. 70, 147 S.W.2d 508 (1941); State v. Edelstein, 146 Wash. 221, 262 P. 622 (1927); Dean v. Skeen, 137 W.Va. 105, 70 S.E.2d 256, 31 A.L.R.2d 1180 (1952).[2] It has been held that a pardoned conviction may be used for impeachment purposes at a subsequent trial. See Richards v. United States, 89 U.S.App.D.C. 354, 192 F.2d 602, 30 A.L.R.2d 880 (1951), cert. denied, 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703 (1952).

We hold that a presidential pardon not grounded on a finding of innocence does not prevent the use of a conviction for the purposes of the second offender provisions of 26 U.S.C. § 7237(b).

The judgments are affirmed.

---

1. A sentence under a "second offender" or "habitual criminal" statute does not constitute punishment for the prior crime or crimes. See Carlesi v. People of State of New York, 233 U.S. 51, 58, 34 S.Ct. 576, 58 L.Ed. 843 (1914), quoting McDonald v. Commonwealth of Massachusetts, 180 U.S. 311, 312, 21 S.Ct. 389, 45 L.Ed. 542 (1901).

2. The recently amended New York multiple-offender statute provides that a prior felony conviction includes convictions for which the defendant has been pardoned unless the pardon was on the ground of innocence. New York Penal Law, McKinney's Consol.Laws c. 40, § 70.10.

A few states have held that a pardoned offense is not a prior conviction for purposes of the multiple offender statutes. See Fields v. State, 85 So.2d 609 (Fla. 1956); Kelley v. State, 204 Ind. 612, 185 N.E. 453 (1933); State v. Lee, 171 La. 744, 132 So. 219 (1931); State v. Martin, 59 Ohio St. 212, 52 N.E. 188, 43 L.R.A. 94 (1898); Edwards v. Commonwealth, 78 Va. 39, 39 Am.Rep. 377 (1883).