**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis VINES, Defendant-Appellant.**

**No. 78–5055.**

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1978.

Henry C. Chappell, Jr. (Court-appointed), Montgomery, Ala., for defendant-appellant.

Barry E. Teague, U. S. Atty., Charles R. Niven, David L. Allred, Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

Before COLEMAN, GEE and HILL, Circuit Judges.

COLEMAN, Circuit Judge.

The appellant, convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), asserts four trial errors for overturning his conviction. He says the lower court erred in refusing to grant a supplemental instruction to the jury and in permitting the two codefendants to testify against him. Additionally, appellant argues that the indictment against him was defective and the evidence was insufficient to convict. These contentions are without merit and we therefore affirm the conviction.

On June 22, 1977, Louis Vines, Gregory DeBose [DuBose in appellant's brief], and James Henry Weaver, Jr., were charged in a two-count indictment with violating 18 U.S.C. §§ 2113(a) and (d). They pleaded not guilty on June 30, 1977. On July 11, 1977, DeBose and Weaver withdrew their pleas of not guilty and entered pleas of guilty which were accepted by the court. Vines was tried on August 22 and 23, 1977, and found guilty by the jury of both counts of the indictment. The trial court set aside the verdict as to Count II and sentenced Vines to 19 years imprisonment on Count I.

On May 23, 1977, the branch of the Maxwell-Gunter Federal Credit Union at Prattville, Alabama, was robbed. Two men entered the federally chartered and insured credit union some time after 4:00 p. m. and took $5,489 at gun point. The two men, DeBose and Weaver, then ran out the back entrance of the mall and entered a "light blue, older model car." A witness recorded the license number of the vehicle (ABW–670) after observing the two men run from the mall to the car and testified that a third man was sitting in the driver's seat of the car with the engine running.

A short time later, William S. Grover, an investigator with the Chilton County Sheriff's Department, received a radio dispatch concerning the robbery. While parked at the Verbena exit of I–65, a few miles north of Prattville, he saw a blue American Motors vehicle bearing license ABW–670. At this time the vehicle was travelling approximately 20 to 30 miles per hour, but it speeded up as Grover began to follow it in his unmarked vehicle. He chased the car for three miles at speeds of 85 to 95 miles per hour. When the vehicle finally stopped, Grover saw three men in the car, the driver being the appellant Vines. He advised the three men that an automobile similar to theirs and bearing the same license plate had been involved in a robbery in Prattville and advised them of their *Miranda* rights.

Grover then asked permission to search the automobile and Vines consented. The glove compartment was locked, and Vines said he had no key to it and had never opened it.

At this point R. W. Head, investigator with the Autauga County Sheriff's Department, arrived at the scene. He also asked for the key to the glove compartment. He was told by the occupants of the car to get into it the best way he could. Head managed to open the compartment and found a brown paper bag of money and a pistol. Among the bills in the sack were fifteen "bait money" bills taken from the credit union. The three men were arrested and taken to jail in Prattville, Alabama.

At trial DeBose and Weaver testified against Vines. Both men said that they had planned the robbery with Vines approximately a week before May 23, 1977, and that Vines was waiting for them behind the mall with the car engine running. Vines testified that he did not plan the robbery or participate in it; neither did he know anything about it until he was stopped and arrested.

### I.

■ Vines' first assignment of error is the refusal of the trial court to grant an amplification of its instruction as to the consideration the jury might give to the evidence of flight. The court gave the following instruction:

I charge you that the intentional flight away from a crime or the concealment of a defendant or evidence immediately after the commission of a crime is not within itself sufficient to establish his guilt but it is a fact which if proved may be considered in the light of all of the other evidence in the case in determining guilt or innocence. And whether or not evidence of flight or concealment shows a consciousness of guilt and the significance to be attached to any such evidence are of course matters exclusively within the province of the jury. They are matters for you to decide about.

See *United States v. Clark*, 5 Cir. 1974, 506 F.2d 416, 418, *cert. den.*, 421 U.S. 967, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).

The defendant did not request an amplification of this charge until after the court had finished charging the jury. He then requested the following amplification:

I charge you that in considering the evidence concerning alleged flight of the defendant you should as trier of the facts also consider whether or at what point in time the defendant became aware that a law enforcement officer desired defendant to halt in view of the evidence that Mr. Grover was driving a plain and unmarked vehicle at the time of defendant's apprehension.

Rule 30 of the Federal Rules of Criminal Procedure provides that requests for instructions may be filed "[a]t the close of the evidence or at such earlier time during the trial as the court reasonably directs." As stated, appellant did not request an amplification of the flight instruction until after the court had finished its charge. The judge declined the requested supplement because he thought further instruction on this point would put undue emphasis on the evidence of the defendant's flight. In any event, the judge was not obligated to add to his charge at this late date, because timely presentation of a requested instruction is a condition precedent to application of Rule 30. *United States v. Mendoza*, 5 Cir. 1973, 473 F.2d 697, 700; *see also, United States v. Tourine*, 2 Cir. 1970, 428 F.2d 865, 868–9, *cert. denied*, 400 U.S. 1020, 91 S.Ct. 581, 27 L.Ed.2d 631, *rehearing denied*, 401 U.S. 966, 91 S.Ct. 968, 28 L.Ed.2d 249; *United States v. Salas*, 2 Cir. 1967, 387 F.2d 121, 122.

Vines testified that as he passed officer Grover he "thought then [that Grover] might have been the law." Moreover, the court in declining the supplemental instruction specifically told counsel that they had a right to argue the point to the jury as a factual issue.

In view of the overwhelming evidence of Vines' guilt as the "wheel man" in this robbery, we can only say that even if it had been error for the court to decline this belated request and even if it were error

for the court to decline to single out and talk more about Vines' flight we would unhesitatingly hold that it was harmless beyond a reasonable doubt.

## II.

Appellant's second contention is that the testimony of co-indictees DeBose and Weaver, who had pleaded guilty earlier, should have been suppressed. Citing no authority for his position, Vines asserts that because of the trial judge's handling of the acceptance of their guilty pleas, they should not have been allowed to testify against him at trial.

Before accepting the guilty pleas the judge inquired of each of them as to the factual basis for their guilty pleas. In so doing he asked both of them if they had someone waiting for them in a car after the robbery. Both replied in the affirmative and named Vines as the driver. Rule 11, F.R.Crim.P., requires that prior to acceptance of a guilty plea, the court must address the defendant personally in open court and determine if he understands, among other things, that if he pleads guilty, the court "may ask him questions about the offense to which he has pleaded" and that he waives his Fifth Amendment privilege against self-incrimination. The court must then be assured that the facts of the case indicate that a plea of guilty to the charge is proper. The trial court in this case followed this procedure, and contrary to appellant's vague allegations, there was no coercion on the part of the court in asking these questions, appropriately propounded under Rule 11. At any rate, the testimony of DeBose and Weaver at this proceeding had no connection with their testimony at the trial, except for the possible purpose of impeachment. The district court did not abuse its discretion in denying appellant's motion to suppress this testimony.

## III.

Appellant's third argument is that the indictment was defective because it failed to allege that the defendant aided or abetted in the commission of the offense charged. 18 U.S.C. § 2 states that a person who aids or abets the commission of an offense is punishable as a principal. The evidence established that Vines aided and abetted Weaver and DeBose in the robbery of the credit union. He is, therefore, punishable as a principal. Moreover, " 'the rule is well established, both in this Circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he has merely aided and abetted the commission of the offense.' " *United States v. Longoria*, 5 Cir. 1978, 569 F.2d 422, 424; *United States v. Bullock*, 5 Cir. 1971, 451 F.2d 884, 888.

## IV.

Finally, the appellant's assertion that the evidence is insufficient to sustain the conviction is wholly without merit.

## CONCLUSION

The Judgment of the District Court is AFFIRMED.