869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cecil SILER, Defendant-Appellant.
 No. 88-5593.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Cecil Siler appeals his conviction for unlawfully distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Siler contends the trial judge erred in refusing to charge the jury that informant testimony is inherently suspect. We affirm.
 
 
 2
 Siler admitted distributing cocaine to an undercover law enforcement officer and raised the defense of entrapment. He claimed that the Government's cooperating witness, William Pruitt, was in fact the seller of the drug. According to Siler, Pruitt asked him to pose as the seller so that Pruitt could charge a "friend" full price without embarrassment. The Government offered Pruitt's testimony to rebut this claim and to establish the seller's predisposition to commit the offense. Pruitt testified that prior to becoming a Government informant, he had witnessed several cocaine sales by Siler. In fact, Pruitt himself had wired $4,000.00 to Siler in Florida for a drug transaction.
 
 
 3
 At the close of the evidence, the trial judge ordered the parties to review the charge with his law clerk. Defendant's counsel did not request a charge on the reliability of informant testimony at that time. Instead, he delayed until after the court had instructed the jury to request the following additional instruction:
 
 
 4
 The jury should keep in mind that the testimony of an informer is always to be received with caution and considered with great care. You should never convict a defendant upon the unsupported testimony of an alleged informer unless you believe that unsupported testimony beyond a reasonable doubt.
 
 
 5
 The court refused the defendant's request.
 
 
 6
 Appellant contends the trial court's refusal was reversible error. We disagree. While the trial court did not give a specific instruction on informant testimony, the court did admonish the jury to "consider the witness's relationship to the Government or to the defendant, [and] the witness's interest, if any, in the outcome of the case...."[1] In Hoffa v. United States, 349 F.2d 20, 52 (6th Cir.1965), this Court held that in light of a similar "comprehensive charge on credibility," it was not reversible error to refuse "a separate instruction with particular reference to the testimony of an informer."[2]
 
 
 7
 Appellant urges this Court to reject its "older decisions" and adopt the Ninth Circuit's position that "[f]ailure to give an informant or accomplice credibility instruction requires reversal when the informant or accomplice's testimony is 'important to the case.' " United States v. Patterson, 648 F.2d 625, 631 (9th Cir.1981). However, none of the factors which led the Ninth Circuit to suspect the veracity of informant testimony exist in the present case. Patterson noted that the trier of fact should be circumspect where "an informer ... provides evidence against a defendant for pay, or for immunity from punishment or for personal advantage or vindication...." Id. at 630 n. 11. But none of these questionable motives was at work here. Pruitt testified that he resolved to work with the police because of the damage drugs had inflicted on his life and his daughter's life. Neither Pruitt nor his daughter was arrested or indicted for any offense; neither received any immunity in return for Pruitt's testimony. He received no remuneration, other than reimbursement of his travel and lodging expenses in the approximate amount of $600.00 incurred while assisting the authorities. Nor did Pruitt hold any personal grudge against Siler. In short, the concerns identified by the Ninth Circuit--concerns which ordinarily make an informant charge advisable--were not present in this case.[3]
 
 
 8
 The appellee urges that Siler waived any objection to the trial court's refusal to give the informant testimony charge by failing to submit the requested language at the charge conference. In a pretrial order, the District Court instructed the parties:
 
 
 9
 On the morning of trial the Court will furnish counsel with a draft of the proposed charge. Then, a charge conference will be conducted by the Court at the conclusion of all of the proof and before the arguments. Any objections, requests, etc., relative to the charge should be presented at this time....
 
 
 10
 In view of our holding that the instructions were adequate, we need not decide whether appellant's failure to follow this procedure constituted a waiver of any objection to the content of the charge. See, e.g., United States v. Vines, 580 F.2d 850, 852 (5th Cir.), cert. denied, 439 U.S. 991 (1978); United States v. Cahalane, 560 F.2d 601, 607 (3d Cir.1977), cert. denied, 434 U.S. 1045 (1978); United States v. Mendoza, 473 F.2d 697, 700 (5th Cir.1973). Strong policy considerations require litigants to assert their rights in a timely fashion, because allowing a party to withhold a requested instruction until the conclusion of the charge could "put undue emphasis" on that portion of the charge. Vines, 580 F.2d at 852.
 
 
 11
 The judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 The court instructed the jury:
 Now, I've said that you must consider all the evidence. This does not mean, however, that you must accept all the evidence as true and accurate. You, the jury, are the sole judges of the credibility or believability of each of the witnesses and the weight to be given to that witness's testimony.
 In weighing the testimony of a witness, you should consider the witness's relationship to the government or to the defendant, the witness's interest, if any, in the outcome of the case; the manner of the witness testified, his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified, the witness's candor, fairness and intelligence and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.
 
 
 [2]
 Hoffa did suggest that giving an informant credibility charge "would have been better practice." Id
 
 
 [3]
 We express no opinion about the correctness of the Patterson standard