IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10403
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LARRY B. FRASIER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-75-1-M
--------------------
November 13, 2002

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Larry B. Frasier appeals from his jury-verdict conviction on
four counts of income tax evasion.  He has filed a motion to
supplement the record with a transcript in lieu of the original.
This motion to supplement is GRANTED.

    Frasier argues that he was denied his right to assistance of
counsel during his criminal proceedings.  The record shows that
the district court conducted a hearing pursuant to <u>Faretta v.</u>

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

California, 422 U.S. 806 (1975), during which Frasier knowingly and intelligently waived his right to trial counsel and declined standby counsel. Frasier similarly declined repeated invitations to submit the requisite financial information to have counsel appointed to represent him. After providing Frasier with a reasonable opportunity to retain his counsel of choice, the trial court was within its discretion to adhere to the scheduled trial commencement date. See United States v. Casey, 480 F.2d 151, 152 (5th Cir. 1973). The district court did not violate Frasier's right to counsel.

Frasier also contends that the trial court erred by denying his motion to submit a jury instruction. Even pro se defendants must comply with the relevant rules of procedural and substantive law. See Faretta, 422 U.S. at 834 n.46. Because Frasier's motion was untimely and submitted after the jury had been charged, the trial court was within its discretion to deny his motion. See United States v. Vine, 580 F.2d 850, 852 (5th Cir. 1978).

Accordingly, the district court's judgment is AFFIRMED.

MOTION TO SUPPLEMENT GRANTED; AFFIRMED.