## STATE OF NORTH DAKOTA v. JOHN BLOOMDALE.

(128 N. W. 682.)

**Indictment and Information — Intoxicating Liquors — Former Conviction — — Sufficiency of Allegation.**

1. An information for keeping and maintaining a common nuisance contrary to § 9373, Rev. Codes 1905, as of a second offense, need not describe the former conviction with the same particularity necessary in setting forth the subsequent offense, but a brief description of the former conviction is sufficient.

**Indictment and Information — Intoxicating Liquors — Former Conviction — Sufficiency of Allegation.**

2. If the time and place of the former conviction and the court wherein it was had are definitely stated, it will be held a good allegation of a former conviction.

**Criminal Law — Jury — Peremptory Challenges.**

3. On a trial for the crime of keeping and maintaining a common nuisance contrary to § 9373, Rev. Codes 1905, as of a second offense, the defendant is entitled to ten peremptory challenges to jurors.

**Criminal Law — Indictment and Information — Sufficiency — Former Conviction.**

4. The allegations of the information considered, and *held*, sufficient as to a former conviction as well as to the crime charged as of the present time.

Opinion filed November 19, 1910.

Appeal from the District Court of Sargent county; *Allen, J.*

Defendant was convicted of keeping and maintaining a common nuisance, as of a second offense, and appeals.

Reversed.

*Purcell & Divet,* for appellant.

*A. Miller,* Attorney General, *C. L. Young,* Assistant Attorney General, and *E. W. Bowen,* State's Attorney, for respondent.

MORGAN, Ch. J. The defendant was convicted of keeping and maintaining a common nuisance contrary to the provisions of chap. 65 of the Revised Codes of 1905, and was sentenced to serve one year in the penitentiary, under the verdict of the jury finding him guilty of the offense charged in the information, which was alleged therein to be a second offense. The first assignment of error by the appellant is that the information does not set forth facts sufficient to constitute a former conviction of this offense. The allegations of the information are as follows, so far as material on this appeal: "E. W. Bowen, States Attorney, . . . lays before the said court, as informant, information of the commission of a public offense, namely: That the crime of keeping and maintaining a common nuisance, second offense, has been committed; that heretofore, to wit, on the 8th day of November, in the year one thousand nine hundred and eight, and from day to day continuously from the 8th day of November, 1908, to the commencement of this action, in the county of Sargent, in the state of North Dakota, John Bloomdale, late of said county of Sargent, state of North Dakota, did commit the crime of keeping and maintaining a common nuisance, second offense, committed as follows, to wit:" (here follows the specific charge of the crime of keeping and maintaining a nuisance, concerning which no assignment of error is made. There is no allegation in the omitted parts of the information, in any way tending to show a former conviction of this offense.) After the conclusion of the charging part of the information, the following is set forth: "That the defendant was, on the 14th day of December, 1901, in the district court in and for Sargent county, North Dakota, tried and convicted and sentenced to the county jail of said county for a violation of chapter 63 of the Penal Code of the Revised Code of North Dakota, for 1899."

On the part of the appellant it is contended that this is not sufficient allegation of the former conviction of this offense. His contention is that chapter 63 of the Penal Codes of 1899 sets forth what constitutes several different and distinct offenses pertaining to the sale of intoxicating liquors, and that conviction of some of those offenses is a conviction of a crime different in character, and not in law the same offense as that set forth in this information. The allegation set forth above is specific as to the date, court, and county that the defendant was tried and sentenced in, under the former conviction. There are many authorities holding this to be sufficient. In other words, it is held that if the information specifically points out where a record of the former conviction may be found, that it is sufficient. So far as these matters are concerned, the allegations of the information do not leave the defendant in doubt or uncertainty. In this state it has been held that allegations in an information in regard to former convictions of the same or similar offenses need not describe the facts in regard to the former conviction with the same particularity as is necessary in a description of matters pertaining to the elements of the crime. It is held that, if the information briefly describes such former conviction, it is sufficient. In other words, it has been held that the matter of a former conviction is not any part or ingredient of the offense charged, but that it is a matter which pertains only to matters as to additional punishment. State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Markuson, 7 N. D. 155, 73 N. W. 82.

There is another reason, however, for holding that the information in this case alleges a former conviction of the offense charged in the information. It contains other words which, we think, may be referred to in determining the character of the offense of which the defendant was formerly convicted. The words "second offense," which follow the allegations in the information stating that the defendant did commit the crime of keeping and maintaining a common nuisance, clearly show what the former offense was, although in the most brief language. It is a direct statement that the defendant was charged with keeping and maintaining a common nuisance in the former conviction. These words, together with the allegations setting forth the time and place of the former conviction, are sufficient to apprise the defendant of the offense that he was formerly charged with. In State

v. Markuson, supra, the court said: "The rule requiring the former conviction and judgment to be pleaded at length is entirely abrogated in these cases by our statute (Rev. Codes, § 7614,) which declares that 'it shall not be requisite to set forth in the information or affidavit or indictment the record of the former conviction, but it shall be sufficient briefly to allege such conviction.' This was done in the affidavit in this case, and the former record was introduced in evidence."

In State v. Adams, 64 N. H. 440, 13 Atl. 785, 7 Am. Crim. Rep. 237, the court said: "The statute merely makes a distinction in the punishment inflicted for a first and subsequent conviction. The offense is the same in either case. The offender is not subjected to increased punishment for the first violation, nor is he a second time put in jeopardy for it. The heavier punishment is for persisting in wrong by repeating the offense."

In Reg. v. Clark, Dears. C. C. 198, it was said: "A statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as an historical fact."

In Woollen & Thornton on Intoxicating Liquors, vol. 2, § 911, this principle is laid down as follows: "In all such instances such averments must be inserted in the indictment if a greater punishment is desired, as will reasonably point out to the accused where he can find the record of the first conviction. . . . However, it is not necessary to set out with particularity the former record; it is sufficient to give such date as by its use the former conviction can be found. Thus, to give the term of the court at which the first conviction was had, and allege what the conviction was for,—as, for 'selling a quantity of intoxicating liquors,'—is sufficient."

In State v. Small, 64 N. H. 491, 14 Atl. 727, the court said: "The judgment need not be set forth literally; but he is entitled to a description that will enable him to find the record, to apply for a correction or reversal, and to make preparation for a trial of the question whether he is the convict." See also State v. Robinson, 39 Me. 150; Dull v. People, 4 Denio, 91.

The objection to the sufficiency of the information on this ground is not, therefore, tenable, for two reasons. The time and place of the

conviction were stated. This enabled the defendant to ascertain the crime which the state claimed that he was formerly convicted of. Further, the former conviction was charged in language that apprised the defendant that the former conviction was for the offense of keeping and maintaining a common nuisance by keeping and selling intoxicating liquors.

More liberality is allowed in allegations concerning the matter of former conviction than in reference to the ingredients of the offense for which the defendant is about to be placed on trial. Construing all the allegations of the information together, there was no substantial omission, and defendant could not have been misled as to what offense he was alleged to have been formerly convicted of.

The points raised that the information fails to state an offense, for the reason that it alleges the commission of certain unlawful acts at the present time without any direct allegation as to who committed them, cannot be sustained. There is a direct allegation that the defendant maintained a nuisance from November 8, 1906, to the commencement of the action. He is directly charged with having unlawfully kept a place, and the location of the place is then particularly described, and the particular description is followed with these words: "And in which place beer, . . . and other intoxicating liquors are kept," etc. This is a direct allegation that such keeping is done by the defendant, and refers to the commencement of the action. The point was not raised in the court below, and would not be a ground for reversal even if held good.

The defendant was allowed only six peremptory challenges to jurors. In cases where the punishment is or may be confinement in the penitentiary, ten are allowed. The point was raised at the trial, but was overruled, by inadvertence, undoubtedly, and the defendant saved an exception. The right to ten challenges in felony cases is absolute, and felony cases are, by statute, such as are punishable by imprisonment in the penitentiary. Rev. Codes, 1905, § 9967. For this reason the judgment is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.