Statement.
The above entitled cause came on for trial in the city of New Rockford, Eddy county, North Dakota, on the 6th day of November, 1925, the defendant having theretofore entered a plea of not guilty to the offense charged. The jury was empaneled, a trial had, and a verdict of guilty found by the jury, and thereafter the defendant was duly sentenced by the presiding judge, to serve a term of eighteen months in the penitentiary.
After the selection of the jury for the trial of the defendant, the state's attorney made the following statement:
"The information in this case was dictated to a stenographer and through some error on the part of the stenographer or on my part checking it over, I find that the description is not correct. The information *Page 770 
reads range 64, instead of range 65. The number of the range should be 65, and we ask leave at this time to amend the information, and move the court to change that description from range 64 to range 65."
The attorney for the defendant made the following statement:
"Note my objection at this time. At this time the defendant objects to the amendment or any amendment of the information at this stage of the proceedings, on the ground and for the reason, that the amendment sought, charges the alleged offense as having been committed in another place, to which charge the defendant has not had an opportunity to plead; also, on the ground that this amendment comes too late; the defendant having been arraigned before this court and having plead to the specific charge in the information and the trial having already proceeded; the jury having been duly empaneled and sworn, and the state having made its opening statement to the jury and the defendant having been put in jeopardy."
"The Court: I will allow the amendment. It seems to be more of a clerical error. If the defendant wants to plead again he may plead again to the information as amended. If the defendant wants to plead he may. You may proceed."
The state's attorney then called a witness and proceeded, after the witness was sworn, with the examination and continuation of the trial. A little farther on in the proceedings and during the examination of a witness, the attorney for the defendant made the following statement:
"I want to note another objection to the amendment of that criminal information. I did not discover it until now. The defendant also objects to the amendment of the criminal information in this case at this time on the ground that the criminal complaint in this court, on the preliminary hearing of this defendant, and upon which alleged crime he was bound over to the district court and now tried in this court, alleges and states that the crime was committed on the south half (S 1/2) of section nine (9) and the southeast quarter (SE 1/4) of section eight (8), township one hundred forty-eight (148), range sixty-four (64); that the amendment of the criminal information at this time is a variance between the crime charged and the criminal complaint in justice court. I did not discover that until now."
"The Court: Inasmuch as the search warrant reads range sixty-four (64), the search was made on section eight (8) and section nine (9), *Page 771 
township one forty-eight (148), range sixty-five (65), or inasmuch as the records show, — the preliminary records show that the defendant waived a preliminary hearing and did not take advantage of any defect that might exist in the criminal complaint in justice court. The amendment will be allowed to stand. I will allow the amendment."
Then the attorney for the defendant made the following statement:
"The defendant also objects to the amendment of the criminal information on the ground that the defendant has had no opportunity for a preliminary examination in justice court upon this specific charge now made against him."
"The Court: Overruled."
Further on, during the examination of witnesses, the defendant's attorney made the following statement:
"For the purpose of the record I want it understood that the examination and all proceedings and all testimony in this case is taken subject to my objection as to the amendment of the information in this case."
"The Court: The record will so show. It will be overruled."
The criminal information as amended and allowed by the court and upon which the prosecution was conducted in the district court reads as follows, after the title of the action:
"To the District Court in and for said County:
"Edgar P. Mattson, state's attorney in and for the said county of Eddy and state of North Dakota, informs this court that heretofore, to wit:
"On the 4th day of April, A.D. 1925, in the county of Eddy and state of North Dakota, John M. Gielen, late of the county of Eddy and state aforesaid, did commit the crime of engaging in the liquor traffic as a second offense, committed in the manner following to wit:
"That at the said time and place in a certain dwelling house and certain out-houses and other places on the south half (S 1/2) of section nine (9) and the southeast quarter (SE 1/4) of section eight (8) in township one hundred forty-eight (148), range sixty-four (64), the said defendant John M. Gielen, did wilfully, unlawfully and feloniously own and possess intoxicating liquor intended for use as a beverage, which said intoxicating liquor consisted of beer.
"And that at the said time and place, the said defendant did keep, *Page 772 
maintain and possess utensils, contrivances, machines and compounds intended or designed for use in the manufacture of intoxicating liquor for beverage purposes, which utensils, contrivances, machines and compounds were still, coil, filter, vessels and containers.
"This against the peace and dignity of the State of North Dakota and contrary to the form of statute in such cases made and provided. . . ."
— which was duly verified and upon which information the names of witnesses for the prosecution were entered.
In the information, the following is contained:
"Did commit the crime of engaging in the liquor traffic as a second offense, committed in the manner following, to wit:"
At the time that the state's attorney offered in evidence the record of the former conviction of the defendant, the attorney for the defendant made the following objection:
"Let me note this objection. The defendant objects to the introduction of this exhibit in evidence on the ground that no foundation has been laid for its introduction; also, on the further ground that it does not state in this exhibit what time the offense was committed, for which the defendant was convicted in Wells county, and it is objected to as incompetent for that reason."
"The Court: Overruled. It will be received."
At no time during the trial or the proceedings thereafter did the defendant by act or statement waive any of his objections. The state produced in court the clerk of court of Wells county, a Mr. Weiss, with the record of the former conviction of the defendant in this case, and a certified copy thereof, having in his hand at the time of testifying the original record of the county court of Wells county, wherein the original conviction or prior conviction was had. The defendant's attorney was asked specifically if he objected to the certified copy, the following taking place between the state's attorney, the court and the attorney for the defendant, in reference thereto: The state's attorney said: "If the court please, we would like to substitute a certified copy of this original judgment, so that Mr. Weiss can take the original back with him to Fessenden and return it to the files." The court then spoke to the attorney for the defendant, and he made the following *Page 773 
statement: "You have no objection to that?" To which the attorney for the defendant replied: "No, providing my objection is not waived thereby." Then the court said: "The record will show that a certified copy may be filed in lieu of the original." Thereafter a certified copy was duly identified by the clerk of court of Wells county, and it was marked Exhibit "I." When Exhibit "I" was offered by the state's attorney the attorney for the defendant made the following statement:
"We object to this state's exhibit `I' on the ground that the same is not properly certified; also on the ground it is incompetent; and also on the further ground that it does not appear in this exhibit what time the offense was committed, referred to in said state's Exhibit `I.'"
"The Court: It will be overruled."
The certified copy was previously identified by the clerk of court of Wells county, who had the original records with him, in his possession, as a true and correct copy of the original entries.
After the state had rested its evidence, the following motion was made by the attorney for the defendant:
"The state having rested, the defendant at this time moves the court for a dismissal of the action on the ground that the state has failed to show a public offense committed by this defendant; also on the ground that the information orginally filed in this court was improperly amended, after the defendant had plead not guilty thereto, and after the jury had been empaneled and sworn, and after the trial had proceeded, and the defendant in this action has had no opportunity for a preliminary examination or hearing in justice court, under the information as amended, and if this motion for dismissal is denied, the defendant at this time asks that a directed verdict for the defendant be made, upon all of the grounds heretofore stated."
"By the Court: Overruled."
The defendant's attorney also takes exception to the following language in the charge of the court to the jury: "These are questions you must consider, and you should further consider whether this is a second offense; whether he has previously been charged and convicted of such a crime."
Prior to that part of the charge, the court used this language: "Your duty is simply to determine from the evidence in this case under these instructions certain questions of fact. These matters are: Did *Page 774 
the defendant at the time and place named in the information have in possession intoxicating liquor intended for use as a beverage purpose, or did he have utensils designed for the unlawful manufacture of intoxicating liquor?" Then follows the extract from the charge heretofore quoted, to which the defendant's attorney takes exception.
The defendant also takes exception to the following instruction in the charge of the court: "The information also charges that it was committed on the 4th day of April, 1925. I charge you that the exact time of the commission of the offense, if it was committed, is not necessary, but the state must prove to your satisfaction that the offense, if it was committed, was committed within two years next prior to the filing of the information. The information was filed November 3rd, 1925."
The defendant also excepts to the following instruction: "You will remember that the information charged the place where the alleged offense was committed was on a certain section, township and range, sections 8 and 9, township 148, range 65. I charge you, gentlemen, that the state is not required to prove the place to be the exact place charged. It is sufficient if the state has proven to your satisfaction beyond a reasonable doubt, that this crime, if it was committed, was committed in Eddy county, North Dakota."
After the jury returned into court with its verdict, finding the defendant guilty as charged in the information, the defendant's attorney made the following statement:
"Now before judgment and sentence is imposed upon the defendant herein, the defendant moves the court that no sentence or judgment be rendered upon the verdict of guilty in this action, and this motion in arrest of judgment is founded on the following defects in the criminal information.
"First: That the criminal information does not sufficiently conform to the requirements of the Code of Criminal Procedure of the state of North Dakota.
"Second: That the charge set forth in the criminal information does not constitute a public offense in that the said information does not sufficiently set forth a former conviction."
"By the Court: Overruled." *Page 775 
The court then proceeded to question the defendant and his counsel, and asked the following:
"Q. Have you any legal reason why sentence should not be imposed at this time? Is there anything you have to say?"
Then the defendant's counsel responded:
"The legal reasons we have are those stated in my objections in the trial and also upon the motion upon arrest of judgment, and as I say, we object to the imposition of the sentence on the grounds heretofore stated."
Sentence was thereafter, as heretofore noted, imposed by the court upon the defendant, and from all of the proceedings as set out and from the sentence imposed the defendant has brought his appeal to this court.
 Decision.
The question of the sufficiency of an information charging the violation of the prohibition law as a second offense was considered by this court in State v. Webb, 36 N.D. 235, 162 N.W. 358. In the opinion in that case the court said:
". . . the statute does not provide that the first offense must be committed, or the former conviction had, within any specific period prior to the filing of the information for the second offense. The former conviction is not a part or ingredient of the offense charged, but is a matter which pertains only to matters as to additional punishment." 36 N.D. 242, 243.
When an information charges, as the information in this case, that the defendant at a certain time and place "did commit the crime of engaging in the liquor traffic as a second offense,
committed in the manner following, to wit . . .," it clearly apprises the defendant that it is claimed by the state that the particular offense charged in the information is his "second offense." "The words `second offense,'" said Chief Justice Morgan in State v. Bloomdale, 21 N.D. 77, 79, 128 N.W. 682, "which follow the allegations in the information stating that the defendant did commit the crime of keeping and maintaining a common nuisance, clearly show what the former offense was, although in the most brief language. It is a direct statement that the defendant was *Page 776 
charged was keeping and maintaining a common nuisance in the former conviction." At no time during the trial of the action was any objection made to the introduction of evidence relating to the former conviction on the ground that the information did not sufficiently charge the former conviction. It will be noted that the objections presented to the introduction of such evidence was on wholly different grounds, and there was nothing to indicate to the trial court, when it ruled upon the objections, that there was any claim on the part of the defendant that the allegations of the information were insufficient to justify the admission of such evidence. Upon the record as it stood at the time of the submission of the case to the jury and the return of the verdict, the evidence was conclusive that the defendant had on the 5th day of December, 1923, been convicted and sentenced to imprisonment for the crime of engaging in the liquor traffic in Wells county in this state. Our statutes provide:
"Neither a departure from the form or mode prescribed in this code in respect to any pleadings or proceeding, nor in error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tendered to his prejudice, in respect to a substantial right."
Also, that the supreme court, after hearing the appeal in a criminal action, "must give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties." Comp. Laws 1913, § 11,013. On the record presented on this appeal, we see no reason for interfering with the sentence pronounced by the trial court in this case because the information did not charge the former conviction with greater particularity.
The claimed error on the part of the court in his charge in reference to taking into consideration the testimony in reference to the second offense has no merit. The court first charged the jury what it was necessary for them to find in order to find that the defendant had been guilty of the particular crime charged in the present case, and thereafter the court charged that, in order to establish it as a second offense, the jury must take into consideration the evidence in reference to the second offense, and this was necessary to determine the question whether or not the offense upon which the defendant was being tried was a felony. In this connection see the case of State v. Lesh, 27 N.D. 165, 145 N.W. 829, where the following language is used: *Page 777 
"A jury will not be presumed to be acquainted with the provisions of the criminal statutes. They should, therefore, be instructed in relation thereto, when the same are in any way pertinent to the issue involved."
It was therefore necessary for the court in this case to charge specifically in reference to the jury's work as to a second offense. The court was correct in charging the jury in substance that if the jury found that the offense had been committed in the county of Eddy, within the time specified by the court, it would be sufficient to convict, although the exact place to a nicety, where in the county of Eddy it had been committed, was not proven.
In the case of State v. White, 21 N.D. 444, 131 N.W. 261, the following language is used in reference to the charging part of the information:
"The charging part of the information charged the nuisance to have been kept and maintained at a certain place in the city of Bismarck, in said county and state, without more specifically charging the place. The demurrer is leveled particularly at the failure of the information to specify more particularly the location of the place of commission of the crime. The information in all other particulars is not open to criticism, nor is it on this score."
This reasoning by the court was based upon the fact that the defendant was not charged with keeping a common nuisance, for the purpose of abatement and lien, and therefore the charging part of the information was sufficient, and in that case other North Dakota cases to the same effect are cited.
The amendment of the information, even after the jury had been sworn to try the case, in reference to a different range, could not affect the legal or substantial rights of the defendant, so long as the description was held within the county of Eddy and upon the same premises described in the information in substance except as to range. It did not charge a new or different offense and, in addition to this, the court specifically stated, when the objection was made by defendant's counsel, that if the defendant so elected he might plead anew after the amendment. This he did not do nor elect to do.
There is no claim, and no basis for a claim, of surprise. In the criminal complaint filed before the committing magistrate, in the original information and in the information after the allowance of the *Page 778 
amendment, the defendant was charged with having committed the crime of engaging in the liquor traffic as a second offense, on April 4, 1925 within the county of Eddy, in this state, by then and there owning and possessing intoxicating liquors intended for use as a beverage; and by keeping, maintaining and possessing, at said time and place, utensils, contrivances, machines and compounds intended and designed for use in the manufacture of intoxicating liquor for beverage purposes. According to the evidence in the case, the sheriff came to the farm where defendant lived and made a search of the premises under search warrant and found certain liquor claimed to be intoxicating, as well as certain contrivances intended and designed for use in the manufacture of intoxicating liquors. There is not the slightest indication in the evidence that two places were involved or that any place was involved except the one where defendant lived. Only one place was referred to in the testimony at all, and there can be no reasonable difference of opinion but that the evidence introduced by the state tended to show the very facts which the defendant must have expected that the state would attempt to prove. As stated, there is no claim, and no basis for a claim, of surprise as a result of the amendment. There was not even a suggestion of surprise or that a continuance would be necessary to enable the defendant to meet the charges of the state under the amended information. On the contrary, the defendant refused to avail himself of the opportunity offered him to plead anew and elected to proceed with the trial under the plea already interposed.
The numerous objections to the introduction of testimony and other matters of record in the transcript and proceedings have been carefully examined and found to have no sufficient merit to warrant a reversal of the case or to constitute error.
It may be said that while the information in this case, under the circumstances presented by the record on this appeal, is held sufficient to sustain the verdict found and the judgment of conviction based thereon, we do not approve of such information as a model pleading, nor do we express any opinion as to whether the allegations, as to the former conviction, would have been sufficient as against a proper and timely objection in the trial court.
The case before us demonstrates that those in charge of criminal prosecutions should exercise the greatest possible care in the preparation *Page 779 
of criminal informations. The numerous practice questions which arise in criminal cases are a burden upon the courts which might well be obviated, and, which would be obviated, if the attorneys for the prosecution exercised that care in the performance of their labors which the importance thereof justifies and requires.
The case is in all things affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL, and BURKE, JJ., concur.
JOHNSON, J., did not participate; Honorable A.T. COLE, Judge of the First Judicial District, sitting in his stead.