STATE of North Dakota, Plaintiff and Appellee,

v.

Karen ANDERSON, Defendant and Appellant.

Cr. No. 752.

Supreme Court of North Dakota.

March 12, 1981.

Tom P. Slorby, State's Atty., Minot, for plaintiff and appellee; argued by Richard C. Wilkes, Asst. State's Atty., Minot.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellant; argued by Richard H. McGee II, Minot.

PEDERSON, Justice.

This is an appeal from a district court's revocation of probation. We affirm.

On February 25, 1980, Karen Kay Anderson was convicted for theft of property, a Class C felony, § 12.1–23–02, NDCC. The court deferred imposition of sentence for one year and placed Anderson on probation subject to the court's continuing jurisdiction[1] and certain conditions, the pertinent of which were:

"A. The defendant shall not purchase, possess, or consume any alcoholic beverage or controlled substance except as prescribed by a licensed physician.

\* \* \* \* \* \*

"E. The defendant shall not commit another offense during the period for which the sentence remains subject to revocation.

\* \* \* \* \* \*

"G. The defendant shall support his dependents and meet other family responsibilities."

On September 16, 1980, the state's attorney drew an affidavit in which he alleged that Anderson had violated terms of the probation. That same day the district court scheduled a revocation hearing for October 3. A supplemental affidavit, in which additional probation violations were alleged, was submitted by the state's attorney on September 18. At the conclusion of the hearing on October 3, the district court revoked the deferred imposition of sentence and Anderson received a one-year term at the North Dakota State Penitentiary.

The state's attorney, in the affidavits and at the hearing, attempted to establish numerous instances of behavior showing that Anderson had not observed the conditions of her probation. The court, however, focused on only some of these in reaching its decision.[2]

Noting that the hearsay rule does not apply at a probation revocation hearing, Rule 1101(d)(3), NDREv, the court heard evidence of a March 5, 1980, conversation between Anderson's daughter and an undercover narcotics agent. The agent had purchased some cocaine from the daughter and he asked why the substance was unusually powdery. She replied,[3] "I think my Mom ran it through a machine. They have got this sifting machine." Later in the

---

1. See, § 12-53–13, NDCC, and *John v. State*, 160 N.W.2d 37 (N.D.1968).

2. The court did not draft specific findings. Instead, the grounds for revocation were given orally at the hearing, and we have had to consult the transcript of the proceeding.

3. The agent used a listening device to record the conversation, which was transcribed verbatim.

same conversation the daughter told the agent that her mother "just gets me what [drugs] I want." In September, 1980, the daughter was adjudicated a delinquent for engaging in drug trafficking, and at the revocation hearing judicial notice of the girl's file was taken. The court stated that: "The mere fact her daughter is delinquent is not considered, but the manner of delinquency certainly is."

The court noted another incident involving sale of drugs. An undercover agent, on May 5, 1980, went to Anderson's residence "to purchase speed." He found only Anderson's daughter at home, but was able to speak with Anderson over the phone after the daughter placed a call. He stated that he recognized Anderson's voice and he asked to buy "speed." Anderson said, "Okay," and then spoke to her daughter again. After the phone conversation, the daughter left the room and returned with 20 white pills, for which the agent paid $5.00. The pills were later determined to be not a controlled substance but ephedrine, an asthma medicine. The court concluded, however, that the transaction indicated conspiracy or an attempt involving the daughter to deliver a controlled substance.

Finally, the court considered the fact that Anderson's daughter had a rather poor attendance record at school. During the 1979–80 school year, the girl missed fully 87 days of the required 180. No clear reason appears in the transcript for these continual absences.

Basing its decision primarily on these three things, the court determined that violations of the probation arrangement had been shown by a preponderance of the evidence. Rule 32(f)(2)(iii), NDRCrimP. Specifically, it found Anderson had not observed conditions A, E and G: A, by sifting, and thus possessing, cocaine; E, by possessing cocaine and attempting or conspiring to sell speed; and G, by involving her daughter in drug dealing and failing to see that she attended school. The court stated further that the same evidence indicated Anderson had committed child abuse, a Class C felony under § 14–09–22, NDCC.

On appeal Anderson argues that the State failed to designate specifically the charges for which it sought revocation and thereby denied her due process right to notice. This denial was supposedly consummated when the court mentioned that the evidence showed commission of child abuse and criminal attempt or conspiracy. Notice to Anderson regarding the revocation came in the form of the state's attorney's two above-mentioned affidavits.[4] Facts and vi-

---

4. The pertinent parts of the affidavits were as follows:

Affidavit of September 16

"[The state's attorney] being first duly sworn on oath deposes and says that on February 25, 1980, Karen Anderson plead guilty to the charge of Theft of Property. At that time the District Court entered its Order Suspending Imposition of Judgment and Sentence upon certain terms and conditions * * *

"On Friday, September 12, 1980, as a result of a long investigation by the Minot Police Department and the North Dakota State Drug Enforcement Unit, the Defendant's fifteen-year old daughter was taken into custody for Delivery of a Controlled Substance. During the investigation, Defendant's daughter told an undercover agent that the Defendant had run the cocaine that said daughter was selling through a sifter in violation of Probation Terms A and E."

Supplemental Affidavit of September 18

"[The state's attorney] being first duly sworn on oath deposes and says:

"On the 16th day of September, 1980 an Affidavit was filed by * * * Ward County State's Attorney, alleging that Karen Anderson had violated various terms of her deferred imposition of sentence received on the 25th day of February, 1980. It was alleged that the defendant violated probation term A and E. Since September 16th additional information has come to our attention which we intend to present at the hearing which would contend additional violations of probation terms A and E.

"On Monday, May 5, 1980 an undercover agent for Ward County by the name of David stated he approached Karen Anderson's house and went to the door and knocked. He stated that an individual asked what he wanted and he told them that he wanted to speak to Karen. He was advised that Karen was not there and David stated that he wanted to buy some stuff. Dave was advised to go upstairs in the house and he met with Karen's daughter. She called Karen so David could talk to her and after he talked to

olations of specific probation conditions are alleged in the affidavits, but no criminal offenses as such are indicated as grounds for revocation. Anderson contends the court did in fact base its ruling on a finding of child abuse, attempt and conspiracy, and that the ruling must be overturned because she received no notice of these charges.

Before the court can terminate Anderson's probation it must conduct a hearing. Rule 32(f), NDRCrimP. The rule requires that "notice of the alleged violation" be given the probationer in advance of the hearing. We have stated that " 'the notice should state what [probation] violations have been alleged.' " *McGuire v. Warden of State Farm, Etc.*, 229 N.W.2d 211, 219 (N.D. 1975), quoting *Morrissey v. Brewer*, 408 U.S. 471, 487, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484, 497 (1972); see, *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 33 L.Ed.2d 656, 664 (1973). The notice must be of "sufficient specificity to enable the defendant and his counsel to know and understand the nature of the charge against him and to prepare for a hearing on the charge." *McGuire, supra*, 229 N.W.2d at 219.

The excerpts from the affidavits contained in note 4 reveal that Anderson had notice both of the probation terms the state's attorney believed were violated and of the facts constituting the violations. While Anderson did not receive notice of which specific offenses she was believed to

have committed, the affidavits did allege a breach of term E which prohibited her from committing any offense during the probation period. The possible charges the state's attorney would make were deducible from the facts contained in the affidavits. See, *State v. Hass*, 264 N.W.2d 464 (N.D. 1978). If the facts put forth in the affidavit to support the alleged violation of term E did not make clear to Anderson what offense(s) was being charged, she ought to have asked for clarification.

However, even were we to conclude that the notice was insufficient in this respect, Anderson has not shown that any net harm was done. Excluding any finding of child abuse or conspiracy or attempt, we are still confronted with the court's finding, on other grounds, that all of the three above terms were violated.[5] And of these violations, and the facts underlying them, Anderson received clear and express notice.

The decision of the district court is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.

Karen, Karen gave him the O.K. that she talked to her daughter and told her to go ahead and give David what he wanted. Then I received 20 white pills in a brown medicine bottle alleged to be speed for which David paid $5.00.

"It is alleged in the original affidavit that term G of the probation order has been violated * * * Since September 16th additional information has been supplied to our office from Barbara Nathan, the probation officer of Juvenile Court, who on September 17, 1980 received information that since March

18th of last year [Anderson's daughter] missed 30 days of school at Jim Hill and missed a total of 87 days last year and was only present at school 93 days out of the entire year. It was discovered that this year so far at Central Campus she has missed five days of school. However this is not an adequate record because if she misses a class or two it is not recorded as a total day missed, only if a complete day was missed."

5. Anderson does not claim failure of notice as to the offense of possession of cocaine.