1998 ND 39

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Janice SCHLOTMAN, Defendant and Appellant.**

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Earl SCHLOTMAN, Defendant and Appellant.**

**Criminal Nos. 970249, 970250.**

Supreme Court of North Dakota.

Feb. 12, 1998.

Rehearing Denied March 30, 1998.

Brian D. Grosinger (argued), Assistant State's Attorney, Mandan, for plaintiff and appellee.

Daniel J. Chapman (argued), of Chapman & Chapman, Bismarck, for defendants and appellants.

MARING, Justice.

[¶ 1] Earl and Janice Schlotman appealed from judgments of conviction, upon jury verdicts finding each of them guilty of two counts of class A misdemeanor unlawful imprisonment, in violation of N.D.C.C. § 12.1–18–03(1). We hold, as a matter of law, the Schlotmans are not persons in parental equivalent relation to the minors unlawfully restrained by them, and we affirm.

[¶ 2] The relevant facts on appeal are not disputed. Janice Schlotman's daughter, Debbie Landreth, and Lonnie Dean Otto were married and had two children, Krystyna and Matthew. Janice Schlotman, the children's grandmother, and her husband, Earl Schlotman, the children's stepgrandfather, often provided care for the children, because Debbie and Lonnie had marital problems and because Debbie's military career resulted in her being stationed in faraway places such as Antarctica and New Zealand.

[¶ 3] Debbie and Lonnie eventually divorced and each remarried. During October 1996, a circuit court in Alabama awarded temporary custody of the children to Lonnie and awarded Debbie reasonable visitations at her Alabama home, including a visitation during Christmas vacation from December 23, 1996 through December 30, 1996. Lonnie, who resides in Mandan, allowed Earl and Janice to take the children on December 20, 1996 for a visit, with the understanding they must return the children to Mandan no later than December 22, 1996, so Debbie and the children could have their Christmas visitation.

[¶ 4] Earl and Janice, believing Debbie's new husband abuses the children, took the children to their home in Minneapolis, Minnesota and did not return them to Mandan until January 7, 1997. As a consequence, Debbie, who had traveled from Alabama to Mandan for the children, was prevented from seeing them. On appeal, Earl and Janice concede they had the children with them between December 20, 1996, and January 7, 1997, and they retained the children beyond December 22, 1996 without Lonnie's consent. The Schlotmans were charged and convicted of unlawful imprisonment of the children, and they appealed.

[¶ 5] The Schlotmans assert the trial court erred in allowing the State to introduce the Alabama court decree, which placed temporary custody of the children with Lonnie and awarded reasonable visitation rights to Debbie. Under N.D.R.Ev. 401–403, a trial court is vested with broad discretion to decide if evidence is relevant and if its probative value is substantially outweighed by the danger of unfair prejudice. *State v. Carlson,* 1997 ND 7, ¶ 8, 559 N.W.2d 802. On appeal we employ an abuse of discretion standard and will not overturn the court's decision on admitting evidence unless the court has acted in an arbitrary, unconscionable, or unreasonable manner. *Id.*

[¶ 6] The State offered the Alabama decree to show who had physical custody rights to the children. We conclude the court's admission of the exhibit was not an abuse of discretion.

[¶ 7] The Schlotmans also argue the trial court erred in not ruling, as a matter of law, the Schlotmans were exempt from prosecution for unlawful imprisonment, because

they were in a parental "equivalent relation" to the children. The crime of unlawful imprisonment is set forth in N.D.C.C. § 12.1-18-03:

1. A person is guilty of a class A misdemeanor if he knowingly subjects another to unlawful restraint.

2. It is a defense to a prosecution under this section that the actor is a parent or person in equivalent relation to the person restrained and that the person restrained is a minor.

[¶ 8] In its written instructions to the jury, the trial court provided the essential elements of an unlawful imprisonment charge, including the following statement:

It is a defense to a prosecution for this offense that either defendant as to either count was a parent or person in equivalent relation to the person restrained and that the person restrained was a minor.

During deliberations the jury sent a written request asking the court if the defendants could be found guilty if they "are of equivalent relation." The court responded, "After the jury (1) Defines the phrase equivalent relation, and (2) Whether the Defendants' conduct fits that definition, [i]f either defendant is determined by the jury to be a person in equivalent relation to either minor, no conviction can be had."

[¶ 9] In its jury instructions the court must correctly and adequately inform the jury of the law that applies to the case. *State v. Smaage*, 547 N.W.2d 916, 921 (N.D. 1996). It was the court's duty to inform the jury of the statute's meaning, and it, therefore, erred in instructing the jury to define the phrase "equivalent relation" under the statute.

[¶ 10] The interpretation of a statute is a question of law which is fully reviewable by this court on appeal. *State v. Holecek*, 545 N.W.2d 800, 804 (N.D.1996). Our primary purpose is to ascertain the intent of the legislature, and legislative intent must first be sought from the language of the statute. *Adams County Record v. GNDA*, 529 N.W.2d 830, 833 (N.D.1995). If a statute's language is clear and unambiguous, the legislative intent is presumed clear on the face of the statute. *Northern X–Ray Co., Inc. v. State*, 542 N.W.2d 733, 735 (N.D.1996).

[¶ 11] N.D.C.C. § 12.1-18-03, was adopted by the legislature in 1973, and is part of our criminal code, which is modeled after the proposed Federal Criminal Code. We may, therefore, look to the drafter's official commentaries, the Working Papers of the National Commission on the Reform of Federal Criminal Laws (1970–1971), for insight into the meaning of this statute. *See State v. Carlson*, 1997 ND 7, ¶ 18, 559 N.W.2d 802. Comments by the Commission in the Working Papers show the drafters intended, under Section 1633 of the proposed Federal Criminal Code (the counterpart of N.D.C.C. § 12.1-18-03), to exclude custody battles from the reach of the statute:

It will be noted that criminal restraint may be accomplished by any means, including acquiescence of the victim, if he is a child less than 14 years old or an incompetent and if the parent, guardian or person or institution having lawful control or custody of him has not acquiesced in the restraint. . . .

Exception is provided for a parent who takes his own child, less than 18 years of age. The intent of this exception is to exclude custody battles from the reach of a statute dealing with unlawful imprisonment. Persons other than parents who stand in an equivalent relation to the child, for example, foster parents, relatives who have been in loco parentis, should be subject to the same exception.

[¶ 12] Under N.D.C.C. § 12.1-18-03(2), prosecution for unlawful restraint is barred if the accused "*is* a parent or person in equivalent relation" to the restrained minor. (Emphasis added) According to the Commission's Working Papers a person in equivalent relation may be a foster parent or relatives who "have been" acting in loco parentis to the minor. However, our statute, by using the term "is" rather than "was," clearly limits the defense to persons who are in a parent equivalent relationship with the minor at the time of the alleged unlawful restraint. While the Schlotmans arguably had an in loco parentis relationship with the children in the past, they concede they did not have custody

or control of the children for many months prior to December 1996. By the clear terms of the statute, therefore, the Schlotmans were not in a parent equivalent relation with the children when they retained them beyond December 22, 1996, against the custodial parent's specific instructions. The Schlotmans, at that time, were not acting as substitute parents for the children and had no other legal or factual basis for claiming the right to custody of the children. Further, the Schlotmans do not argue they are or were entitled to custody of the children. Although this case may in a sense be a custody dispute, it is not the kind of custody battle contemplated by our statute. We conclude, as a matter of law, the Schlotmans were not entitled to the defense from prosecution as parental equivalents under N.D.C.C. § 12.1–18–03(2).

[¶ 13] Any error committed by the trial court in submitting the defense instruction was harmless error, because the Schlotmans were not entitled to the defense and had no right to have the jury consider it. Because the instruction allowed the jury to consider the defense, it could have only favored, not prejudiced, the Schlotmans. Consequently, the court's instruction did not constitute reversible error. *See State v. Dilger,* 338 N.W.2d 87, 96 (N.D.1983); *State v. Morris,* 331 N.W.2d 48, 57 (N.D.1983).

[¶ 14] In view of our determination the Schlotmans were not entitled to the defense provided under N.D.C.C. § 12.1–18–03(2), we also conclude their argument the trial court erred in denying their motions for judgment of acquittal and for a new trial is without merit.

[¶ 15] AFFIRMED.

[¶ 16] VANDE WALLE, C.J., and NEUMANN, SANDSTROM, and MESCHKE, JJ., concur.