Filed 10/3/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 179

State of North Dakota, Plaintiff and Appellee

v.

Juan Raul Mora, Defendant and Appellant

No. 990377

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Brett M. Shasky, Assistant State’s Attorney, P.O. Box 2806, Fargo, N.D. 58108-2806, for plaintiff and appellee.

Mark Anthony Beauchene, P.O. Box 1680, Fargo, N.D. 58107-1680, for defendant and appellant.

State v. Mora

No. 990377

VandeWalle, Chief Justice.

[¶1] Juan Raul Mora appeals from a criminal judgment of conviction upon a plea of guilty to delivery of a controlled substance.  We affirm, concluding the district court properly entered sentence.

[¶2] Mora was charged with delivering cocaine, a schedule II controlled substance, to an undercover police officer on September 16, 1998.  Mora had two prior convictions in Minnesota for delivery of methamphetamine, which is also a schedule II controlled substance.

[¶3] Section 19-03.1-23, N.D.C.C., prohibits the delivery of a controlled substance and provides:

. . . . Any person who violates this subsection with respect to:

. A controlled substance classified in schedule I or II which is a narcotic drug, or methamphetamine, is guilty of a class A felony and must be sentenced:

. . . .

(3) For a third or subsequent offense, to imprisonment for twenty years.

. . . .

5. A violation of this chapter or a law of another state or the federal government which is equivalent to an offense under this chapter committed while the offender was an adult and which resulted in a plea or finding of guilt must be considered a prior offense under subsections 1, 3, and 4.  
The prior offense must be alleged in the complaint, information, or indictment.
  (Emphasis supplied).

[¶4] The issue in this case centers on the underlined portion of the statute because the information charging Mora with this offense does not specifically mention the two prior Minnesota convictions.  However, the penalty section at the bottom of the information states:

Penalty Section:

Count 1: 19-03.1-23(1)(a)(3)

Class A Felony

(Mandatory Minimum 20 years Imprisonment)

[¶5] Mora, with counsel, appeared before the district court and pleaded guilty to the offense.  Because Mora speaks Spanish, an interpreter was used at the proceeding.  The district court addressed the minimum mandatory sentence numerous times throughout the proceedings.  The district court stated, “It is alleged by the State that because of your prior record if you are convicted of this offense there is a minimum mandatory sentence of 20 years imprisonment which the court must impose.”  Mora responded that he understood the charge and the maximum and minimum penalty.

[¶6] Later, the court stated, “If you plead guilty the court must impose any minimum mandatory sentence required by law.”  Mora again indicated that he understood the court’s statements.  When the court inquired about a sentence recommendation, the following exchange occurred:

THE COURT: And you understand that the State is alleging that you have two prior delivery offenses which would result in a minimum mandatory penalty?

THE DEFENDANT: Yes.

THE COURT: And in this case the minimum mandatory penalty alleged is 20 years in prison, you understand?

THE DEFENDANT: Yes.

THE COURT: To the charge of delivery of a controlled substance, a Class A Felony, alleged to have occurred on September 16, 1998, how do you plead?

THE DEFENDANT: Guilty.

[¶7] At sentencing, Mora argued the twenty-year mandatory minimum sentence under N.D.C.C. § 19-03.1-23(1)(a)(3) should not apply because the State had failed to allege the prior offenses in the information as required by N.D.C.C. § 19-03.1-

23(5).  The district court concluded the twenty-year mandatory minimum sentence applied, and sentenced Mora accordingly.  

[¶8] On appeal, Mora argues the information must specifically identify the two prior convictions the State is relying upon to satisfy the requirement of N.D.C.C. § 19-03.1-23(5).  The state argues the general reference to the statute and the mandatory minimum sentence in the information’s penalty section was sufficient to put Mora on notice the State was relying on prior convictions.  The State, at oral argument, advised the Court that the penalty provision format used here was not an oversight; rather, the penalty provision format used here is the regular practice in the Cass County State’s Attorney’s office.

[¶9] Counsel for Mora conceded Mora was fully aware of the maximum and minimum penalties of the charge.  At the plea hearing, Mora acknowledged the State intended to use the prior convictions to seek the mandatory minimum sentence.  Also, the State had provided Mora certified copies of the records related to his prior convictions during discovery.  Mora does not contest the voluntariness of his plea but argues the district court erred in imposing a mandatory minimum sentence of twenty years imprisonment.

[¶10] The express language of N.D.C.C. § 19-03.1-23(5) is clear: prior offenses must be alleged in the information or indictment.  
See
 N.D.C.C. § 1-02-05 (stating, “When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.”).  Unless and until the legislature amends the statute, allegations of the specific prior convictions must be made in the information.

[¶11] We do not believe the Legislature required an allegation in the information as an idle act.  Rather, the State must allege and prove that the defendant was convicted of specific prior offenses.  The statute requires, in plain language, that the 
prior offense
 must be alleged, not that the penalty section must be alleged, which is what the information here does.  It is possible for a defendant to be aware the State is alleging commission of prior offenses and seeking a mandatory sentence under the statute without being aware of the specific offenses upon which the State relies.  Thus, this is an issue of notice, one with constitutional underpinnings.  
State v. Gahner
, 413 N.W.2d 359 (N.D. 1987).  

[¶12] Although we view the allegation of a former conviction more liberally because it is not the offense for which the defendant is being tried, the time and place of the former conviction should be stated.  
State v. Bloomdale
, 21 N.D. 77, 128 N.W. 682, 684 (1910).  This enables the defendant to ascertain the crime which the State claims he was formerly convicted of.  
Id.
  A defendant might seek a bill of particulars under N.D.R.Crim.P. (7)(f) or other discovery under N.D.R.Crim.P. 16, but the defendant is not under obligation to do so.  The statute places the affirmative burden on the State to allege 
the
 prior offense upon which it relies for the imposition of the mandatory sentence.  The State does not meet that burden by the penalty format it uses here.  

[¶13] In 
State v. Gielen
, 54 N.D. 768, 210 N.W. 971, 975 (1926), the Court stated:

It may be said that while the information in this case, under the circumstances presented by the record on this appeal, is held sufficient to sustain the verdict found and the judgment of conviction based thereon, we do not approve of such information as a model pleading, nor do we express any opinion as to whether the allegations, as to the former conviction, would have been sufficient as against a proper and timely objection in the trial court.

The case before us demonstrates that those in charge of criminal prosecutions should exercise the greatest possible care in the preparation of criminal informations.  The numerous practice questions which arise in criminal cases are a burden upon the courts which might well be obviated, and which would be obviated if the attorneys for the prosecution exercised that care in the performance of their labors which the importance thereof justifies and requires.

The words remain true today.

[¶14] If the record did not reflect actual knowledge on Mora’s part, we would reverse because of the inadequacy of the allegations of the information.  But, the transcript does reveal, and his counsel conceded, Mora was aware the State intended to use prior convictions to seek the mandatory minimum sentence and the State provided Mora with certified copies of the record relating to his prior convictions during discovery.

[¶15] Under N.D.R.Crim.P. 52, i.e., any “error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.”  Because Mora had notice the State was alleging a prior offense and of the specific offenses it was alleging, no substantial right was affected.  
State v. Gielen
, 210 N.W. at 975 (holding there was no claim and no basis for a claim of surprise concerning allegation of a former conviction); 
State v. Bloomdale
, 21 N.D. 77, 128 N.W. 682 (1910) (holding allegation of former conviction is sufficient if it enables plaintiff to prepare for trial of whether he is the convict).

[¶16] The dissent cites several Federal decisions which have reached what appears to be the opposite conclusion.  But, we have not adopted a strict compliance standard.  Rather, we have interpreted the statute as a notice requirement to which the harmless error analysis applies.  
Cf.
 
State v. Anderson
, 303 N.W.2d 98 (N.D. 1981) (holding probationer who did not receive notice of specific offenses she was believed to have committed but had notice of probation terms state’s attorney believed were violated and of the facts constituting violation was not harmed).  The analysis in the Federal decisions appears to rest on a special sentencing relationship between the Federal courts  and  Congress,  but  that  analysis  does  not  supersede  our  harmless-error 

jurisprudence.

[¶17] The judgment of conviction is affirmed.

[¶18] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

William A. Neumann

Sandstrom, Justice, concurring in the result.

[¶19] I agree with the majority that any error alleged here is harmless, and therefore I concur in the result.  I write separately to suggest the defendant’s tactic of concealing his argument from the district court until sentencing is prohibited by our rules and cases.

[¶20] The North Dakota Rules of Criminal Procedure specifically authorize a criminal defendant to enter a conditional guilty plea.  N.D.R.Crim.P. 11(a)(2).  A defendant who enters a conditional guilty plea may contest an adverse determination of the trial court and may withdraw his guilty plea if he prevails on appeal.  
Id.
  Mora did not preserve a right to appeal by entering a conditional guilty plea; rather, he contested the validity of the charging document at the time of sentencing.

[¶21] Rule 12(b) of the North Dakota Rules of Criminal Procedure requires that a defendant raise “[a]ny defense, objection, or request which is capable of determination without trial of the general issue.”  Certain defenses or objections must be raised prior to trial, including alleged “defects in the indictment, information, or complaint.”  N.D.R.Crim.P. 12(b)(2).  Failure to raise these defenses or objections constitutes waiver.  N.D.R.Crim.P. 12(f).  The dissent says at ¶ 31 the information was not defective, but at ¶ 36 says that because the information was not in “strict compliance with the clear and unambiguous requirements,” the trial court lacked authority to apply the mandatory minimum.  In 
City of Grand Forks v. Mata
, 517 N.W.2d 626, 628 (N.D. 1994), we said, in “considering the sufficiency of a criminal information, technicalities have been abolished.”  “Mere defects, inaccuracies, or omissions in an information do not affect the subsequent proceedings, unless as a result, no offense is charged.”  
Id.

[¶22] We have repeatedly held that defendants who voluntarily plead guilty waive the right to challenge defects that occur before the entry of the guilty plea.  As stated in 
State v. Burr
, 1999 ND 143, ¶ 29, 598 N.W.2d 147 (citing 
State v. Kraft
, 539 N.W.2d 56, 58 (N.D. 1995)):

Persons who voluntarily plead guilty to an offense waive their right to challenge on appeal nonjurisdictional defects that occur before the entry of the guilty plea, including alleged violations of constitutional rights.  
State v. Slapnicka
, 376 N.W.2d 33 (N.D. 1985); 
see
 
Tollett v. Henderson
, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  Under Rule 11(a)(2), N.D.R.Crim.P., a defendant may preserve the right to appeal “the adverse determination of any specified pretrial motion.”  A defendant who enters a conditional plea agreement, but fails to preserve issues for review in the agreement, cannot raise those issues on appeal.  
See
 
United States v. Ramos
, 961 F.2d 1003 (1st Cir. 1992); 
United States v. Ryan
, 894 F.2d 355 (10th Cir. 1990).

[¶23] Because Mora could have raised his objection prior to entering a plea, he was required to do so.  N.D.R.Crim.P. 12(b); 
Burr
, 1999 ND 143, ¶ 29, 598 N.W.2d 147.  Mora could have conditionally pled guilty to preserve his sentencing issue.  N.D.R.Crim.P. 11(a)(2).  By failing to do so, he waived any error.  
Burr
, at ¶ 29.

[¶24]
 Dale V. Sandstrom

Maring, Justice, dissenting.

[¶25] The majority concludes that, although the prosecution failed to properly allege the prior offenses as required by N.D.C.C. § 19-03.1-23(5), any error was harmless under N.D.R.Crim.P. 52(a).  Because harmless error analysis is inappropriate in this case, I respectfully dissent.

I

[¶26] Initially, I note my agreement with the majority’s conclusion that N.D.C.C. § 19-03.1-23(5) clearly and unambiguously requires the prosecution to allege specific prior offenses in the information.

[¶27] Interpretation of a statute is a question of law which is fully reviewable upon appeal.  
State v. Schlotman
, 1998 ND 39, ¶ 10, 575 N.W.2d 208.  Our primary purpose is to ascertain the intent of the legislature, and legislative intent must be first sought from the language of the statute itself.  
State v. Ulmer
, 1999 ND 245, ¶ 6, 603 N.W.2d 865; 
Schlotman
, at ¶ 10.  Words used in a statute should be construed in their plain, ordinary, and commonly understood sense.  N.D.C.C. § 1-02-02; 
Ulmer
, at  ¶ 6.  Criminal statutes must be strictly construed against the government and in favor of the accused.  
State v. Rambousek
, 479 N.W.2d 832, 834 (N.D. 1992).

[¶28] Section 19-03.1-23(5), N.D.C.C., requires that the prior offenses “must be alleged” in the charging instrument.  The word “must” as ordinarily used indicates a mandatory duty, and is not merely directory.  
Federal Land Bank of St. Paul v. Waltz
, 423 N.W.2d 799, 802 (N.D. 1988); 
see also
 
North Dakota Legislative Drafting Manual
 94 (1999). The prosecution concedes it is required to allege the prior offenses, but argues a mere reference to the statute and an indication a mandatory minimum sentence will be sought are sufficient to satisfy the statutory requirement.

[¶29] The primary purpose of the complaint or information is to fairly inform the accused of the charges against him to enable him to prepare for trial.  
City of Fargo v. Schwagel
, 544 N.W.2d 873, 874 (N.D. 1996); 
City of Grand Forks v. Mata
, 517 N.W.2d 626, 628 (N.D. 1994); 
State v. Gahner
, 413 N.W.2d 359, 361 (N.D. 1987).  An “allegation,” in the context of a legal pleading, is defined as “a party’s formal statement of a factual matter as being true or provable, without its having yet been proved.”  Black’s Law Dictionary 74 (7th ed. 1999).

[¶30] The legislature, in directing that the prior offenses “must be alleged” in the information, clearly intended to require the State to specifically identify the prior offenses it is relying upon to trigger the mandatary sentencing provisions.  If a conclusory reference to the statute in the penalty section of the information was deemed sufficient, the defendant would be left to speculate about which offenses the State intended to rely upon to meet its burden of proving the prior convictions.  In order to properly prepare to meet the State’s allegations, the defendant must be informed of the precise instances of conduct the State is raising.  The legislature has mandated that these allegations be included in the charging instrument.  I therefore agree with the majority that the information failed to properly allege the specific prior offenses as required under N.D.C.C. § 19-03.1-23(5). 
 

II

[¶31] The transcript of the sentencing hearing suggests that, as part of an informal plea agreement, the State would recommend the twenty-year mandatory minimum but it was agreed Mora could argue for a lesser sentence at the time of sentencing.  The error in this case was a 
sentencing
 error, not a pleading error.  The information was not defective: it properly pleaded all of the requisite elements of the class A felony of delivery of a controlled substance.  The information clearly would not have been subject to a motion to dismiss under N.D.R.Crim.P. 12(b).  The error in this case did not occur until sentencing, 
after
 the guilty plea had been entered, when the trial court actually imposed the mandatory minimum sentence in spite of the prosecution’s failure to comply with N.D.C.C. § 19-03.1-23(5).  It was not until sentencing that Mora could challenge imposition of the mandatory minimum.  

[¶32] The result urged by the majority in practicality shifts the burden to the defendant to raise and challenge such issues before entry of a plea.  The burden, however, rests upon the prosecution to ensure proper compliance with N.D.C.C. § 19-

03.1-23(5) if it intends to rely upon a mandatory minimum at the time of sentencing.  It should not be met by a defendant’s exercise of his right to have a written request for his previous criminal record under N.D.R.Crim.P. 16, (a)(1)(B).

III

[¶33] The majority concludes that, even if the prosecution’s failure to allege the prior offenses was error, Mora suffered no prejudice and the error was harmless under N.D.R.Crim.P. 52(a) because Mora had actual knowledge of the prior offenses. 

[¶34] Our Rule 52(a) is identical to Fed.R.Crim.P. 52(a), and we have looked to authorities construing the federal rule to aid in interpretation of our rule.  
See
 
City of Fargo v. Erickson
, 1999 ND 145, ¶ 13, 598 N.W.2d 787; 
City of Mandan v. Baer
, 1998 ND 101, ¶ 21 n.5, 578 N.W.2d 559.  Interestingly, the majority does not cite any federal cases addressing application of the harmless error rule in the context of failure to comply with the federal statute requiring the prosecution to plead prior offenses in an information when an enhanced sentence is sought.  
See
 21 U.S.C. § 851(a).  The majority’s failure to cite such cases is understandable, inasmuch as the federal courts have consistently held that the failure to plead the prior offenses as required by 21 U.S.C. § 851(a) is not subject to harmless error analysis, even when the defendant has actual notice of the prior offenses and of the prosecution’s intent to seek an enhanced sentence.  
See
, 
e.g.
, 
United States v. Kennedy
, 133 F.3d 53, 59 (D.C. Cir.), 
cert. denied
, 525 U.S. 911 (1998); 
United States v. Romero-Carrion
, 54 F.3d 15, 18 (1st Cir. 1995); 
Kelly v. United States
, 29 F.3d 1107, 1111 (7th Cir. 1994); 
United States v. Weaver
, 905 F.2d 1466, 1481 (11th Cir. 1990); 
United States v. Olson
, 716 F.2d 850, 852-53 (11th Cir. 1983).  

[¶35] The rationale for the refusal to apply harmless error analysis was explained in 
Olson
, 716 F.2d at 853:

An enhanced sentence is a special remedy prescribed by the Congress;  prosecutorial discretion is vested in the executive branch of the government, and the district court has no authority to exercise it or pretermit it.  As we have pointed out, Congress advisedly vested this discretion in the prosecutor. Unless and until prosecutorial discretion is invoked and the government files and serves an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence; it can no more enhance the sentence than it could impose imprisonment under a statute that only prescribes a fine.  Harmless error cannot give the district court authority that it does not possess.

In accordance with this reasoning, the court in 
Weaver
, 905 F.2d at 1481, explained that strict compliance with 21 U.S.C. § 851 is required:

This circuit has insisted upon strict compliance with the mandatary language of the procedural requirements of section 851(a) and (b).  
United States v. Noland
, 495 F.2d 529, 533 (5th Cir.), 
cert. denied
, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974); 
United States v. Cevallos
, 538 F.2d 1122, 1126-27 (5th Cir. 1976).  This is particularly true with respect to the timing of the government’s filing with the court and service on the defendant of an information signifying the government’s intent to rely on a prior drug conviction.  
Noland
, 495 F.2d at 533.  Even when the defendant is not surprised by the enhanced sentence, was aware from the outset that his previous conviction could lead to an enhanced sentence, never challenged the validity of the prior conviction, and admitted it at the sentencing hearing, the statute prohibits an enhanced sentence unless the government first seeks it by properly filing an information prior to trial.  
Id.
  “Provision for enhanced sentencing is a legislative decision, and the procedure the legislature prescribes to effectuate its purpose must be followed.”  
Id.
  Significantly, “[t]he doctrine of harmless error does not apply” with respect to failures to follow the statutory scheme of § 851.  
United States v. Olson
, 716 F.2d 850, 852 (11th Cir. 1983).  

[¶36] I agree with the rationale expressed by the federal courts.  Our legislature has enacted a mandatory minimum sentencing provision which places discretion in the State to seek the mandatory minimum sentence by properly pleading prior offenses in the information.  Absent strict compliance with the clear and unambiguous requirements of that statute, the trial court is without authority to impose a mandatory minimum sentence, and harmless error analysis cannot confer that authority where it does not otherwise exist.  Accordingly, I would refuse to apply harmless error under N.D.R.Crim.P. 52(a) in this case.

[¶37] The majority suggests that the analysis of these federal decisions, interpreting the identical federal rule in cases where the prosecution failed to properly plead prior offenses as required by statute, do not supersede our harmless error jurisprudence.  The cases cited by the majority as examples of our harmless error jurisprudence do not, however, support reliance upon harmless error to reach the result urged by the majority.

[¶38] Two of the cases cited by the majority, 
State v. Gielen
, 54 N.D. 768, 210 N.W. 971 (1926), and 
State v. Bloomdale
, 21 N.D. 77, 128 N.W. 682 (1910), were decided decades before the North Dakota Rules of Criminal Procedure, and N.D.R.Crim.P. 52(a), were first adopted in 1973.   In 
Bloomdale
, the defendant was charged with a second offense of maintaining a common nuisance, and the information specifically charged that he had been convicted of a prior offense under chapter 63 of the penal code on December 14, 1901, in district court in Sargent County.  
Bloomdale
, 128 N.W. at 683.  The defendant argued that was insufficient to identify the exact prior offense.  This Court concluded the prior offense had been sufficiently pleaded.  
Id.
 at 684.  There is no discussion of harmless error.

[¶39] In 
Gielen
, the basis of this Court’s holding was that the defendant had not challenged at trial the State’s failure to identify the prior conviction in the information.  
Gielen
, 210 N.W. at 975.  The Court specifically noted: “nor do we express any opinion as to whether the allegations, as to the former conviction, would have been sufficient as against a proper and timely objection in the trial court.”  
Id.
  
Gielen
 therefore does not suggest that failure to sufficiently plead prior offenses is harmless error if the defendant raises the issue at trial, as Mora did in this case.

[¶40] The third case cited by the majority, 
State v. Anderson
, 303 N.W.2d 98 (ND 1981), involved revocation of probation.  The trial court found there had been violations of the specific terms of probation, and further stated the evidence showed Anderson’s conduct may have constituted felony child abuse and criminal attempt or conspiracy.  Anderson argued lack of due process notice because the prosecutor’s affidavit in support of revocation did not mention specific criminal violations.  This Court held that any lack of notice was harmless because, even excluding consideration of child abuse, conspiracy, or attempt, the trial court had also found other separate probation violations on other grounds.  
Id.
 at 101.  In this case, there are no “other grounds” which render the State’s failure to plead the prior offenses as required by the statute harmless, and 
Anderson
 is wholly inapposite.

[¶41] There is nothing in the federal cases which supersedes or conflicts with our prior harmless error jurisprudence, and I would therefore refuse to apply harmless error in this case.

IV

[¶42] Because the prosecution failed to comply with the clear requirements of N.D.C.C. § 19-03.1-23(5), I would vacate the sentence and remand for further sentencing proceedings without application of the twenty-year mandatory minimum sentence under N.D.C.C. § 19-03.1-23(1)(a)(3).  
See
 
Neary v. United States
, 998 F.2d 563, 565-66 (8th Cir. 1993). 

[¶43] Mary Muehlen Maring